Plaintiff, a retired Army officer, sues for $168.24 (asserted to be owing for travel expenses) plus $400,000 (asserted to be consequential damages of the refusal to pay him the $168.24, and of the administrative proceedings leading to that determination). Defendant moves for summary judgment. Plaintiff has failed to respond to that motion and his time to do so has expired. The case comes before us, without oral argument, on the Government’s motion. We hold for the Government.
The gist of the petition is that in 1975 plaintiff, then stationed in the Canal Zone, had to travel to Fort Bel voir (near Washington) in connection with temporary military *704 duty. He flew in military aircraft to Charleston and then on a government travel request to Washington. Seven days of annual leave were authorized in conjunction with this temporary duty. On completion of the duty, plaintiff returned on a government travel request by commercial air travel, stopping for his leave to visit his family in Dallas. He carried government property as excess baggage for which he paid personally and then sought reimbursement. The Government refused payment of the excess baggage and also disallowed the excess of his return commercial travel payment over what it would have cost the United States for commercial fare from Washington to Charleston and then on military aircraft to the Canal Zone. The total disallowed was $168.24.
The $400,000 claim for consequential damages stems (according to the petition) from the Government’s imputation to him of "immoral and dishonest motives” — which (it is said) led to (1) publication of a report on him in the Army Times (a privately-owned publication), (2) which exposed him to the ridicule and calumniation of other military personnel, and caused him to be shunned by his peers, (3) leading to a severe reduction in his military effectiveness and compelling him voluntarily to cut short his military career by retirement, (4) all of which induced serious detriments to his health.
Defendant is, of course, correct that these all comprise tort claims over which we have no jurisdiction.[1] See 28 U.S.C. § 1491; Curry v. United States, 221 Ct. Cl. 741, 746, 609 F.2d 980, 982-83 (1979); Algonac Mfg. Co. v. United States, 192 Ct. Cl. 649, 428 F.2d 1241 (1970). These claims must be dismissed for lack of jurisdiction.
We have jurisdiction over the lesser claim of $168.24 for unpaid travel expenses, but we have no reason, and been offered no reason, to disagree with the determination of the Comptroller General that those excess costs are unreim-bursable because they were expended for plaintiffs own convenience in returning entirely by commercial airline and by the less direct route via Dallas in order to visit with *705 his family, rather than taking the direct route of flying commercially to Charleston and then by military aircraft to Panama. If the direct route had been taken, the extra expenses would not have been incurred (including the claim for excess baggage).
Defendant’s motion for summary judgment is granted and the petition is dismissed.

 Plaintiff does not claim that his retirement was illegally induced by the Government, nor does he ask for active duty pay on the theory that he remained on active duty despite the retirement.