Plaintiff brings this suit for illegal discharge from the military, and seeks damages, a declaratory judgment and injunctive relief. Defendant has moved for summary judgment, to which plaintiff has not responded. For the reasons stated, defendant’s motion is granted.
Plaintiff was a gunnery sergeant in the U. S. Marine Corps (usmc) who first enlisted in August 1967. On February 16, 1978, plaintiff was brought before a special court-martial on the charges of (1) willful disobedience of an *942 order, and (2) striking a superior noncommissioned officer. On March 29, 1978, plaintiff was found guilty of the first charge and not guilty of the second charge. Plaintiff, was fined and given an official letter of reprimand.
In his March 6, 1978 report, the Wing Medical Officer, based upon two prior psychiatric consultations with plaintiff, recommended that the plaintiff be administratively separated from the service because of recurrent emotional problems. On March 3, 1978, plaintiff underwent psychiatric evaluation. The attending physician diagnosed plaintiff as exhibiting an explosive personality. On April 3, 1978, plaintiff was notified by the Commanding Officer that he was being recommended for an honorable discharge by reason of unsuitability. Plaintiff was notified of his right to counsel and a hearing before an administrative board, but chose to waive his rights in this regard. On April 6, 1978, the Assistant Chief of Staff reported a "continuing degradation in the conduct” of plaintiff, as evidenced by his throwing of a typewriter through a closed window,[1] and recommended an immediate discharge. Plaintiff was admitted to the Naval Regional Medical Center on April 7, 1978. On April 20, 1978, the medical board concluded that plaintiff was unsuitable for further military service due to the severity of his personality disorders. Plaintiff was informed of the board’s recommendation, but declined to submit a statement in rebuttal. On June 5, 1978, plaintiff was honorably discharged from the Marine Corps.
On November 24, 1978, plaintiff applied to the Board for Correction of Naval Records (bcnr) for a change in his medical discharge record and compensation for his prior service to the usmc and for an additional 9 years to retirement. Since plaintiff had received an honorable discharge by reason of unsuitability, the bcnr treated plaintiffs application as one for discharge by reason of physical disability, and on November 7, 1980, denied plaintiffs application on the basis of the documentary evidence submitted.
*943 On June 5, 1980, plaintiff filed suit in the U. S. District Court, Middle District of North Carolina. Subsequently, the case was transferred to this court.
Plaintiff alleges that a conspiracy was formed by a certain captain and others unknown to plaintiff in order to harass him in retaliation for a complaint to the captain regarding his conduct. The purpose of the harassment, plaintiff alleges, was to destroy plaintiffs ability to function and thereby facilitate his discharge from the military. Plaintiff alleges that his discharge was arbitrary and capricious, and seeks the following relief: (1) a declaratory judgment setting aside the discharge as unlawful; (2) a mandatory injunction restoring plaintiff to his former position; (3) "actual” damages of $100,000 and punitive damages of $1,000,000 for the mental distress and psychological damages inflicted by the usmc through its personnel; and/or (4) all compensation due to plaintiff from the date of discharge to the date of judgment by this court.
At the outset it should be noted that the granting of a declaratory judgment, mandatory injunction and punitive damages are not within the jurisdiction of this court. United States v. King, 395 U.S. 1 (1969); Vincin v. United States, 199 Ct. Cl. 762, 468 F.2d 930 (1972). Similarly, relief for mental distress and psychological damage is founded in tort, which is also outside of the jurisdiction of this court. 28 U.S.C. §1491 (1976); Curry v. United States, 221 Ct. Cl. 741, 609 F.2d 980 (1979). This court only has jurisdiction to grant monetary damages if there is convincing evidence that the military decision was arbitrary or capricious or otherwise unlawful, or not supported by substantial evidence. Nichols v. United States, 158 Ct. Cl. 412 (1962).
Plaintiff has not filed a brief in support of his charges and the time for filing has expired. Plaintiffs petition contains broad allegations as to the illegality of the discharge without providing specific evidence to support these charges. Defendant has filed a brief which asserts that the Navy complied with all applicable statutes and regulations in effecting the discharge. Plaintiff has presented no evidence to lead us to believe otherwise.
Nowhere does plaintiff allege that the grounds for his discharge-unsuitability due to personality disorders-were *944 unwarranted. On the contrary, plaintiff alleges that due to harassment the usmc has "contributed to the mental distress and psychological damages that affected and still * * * affect the plaintiff.” Again, such a charge of harassment resulting in emotional distress is based in tort, which is not within the purview of this court’s jurisdiction.
Plaintiff has also alleged that the bcnr wrongfully denied plaintiffs request for a hearing. This court has often ruled that the decision of a correction board to grant a hearing is discretionary-however, the denial may not be arbitrary or capricious or based on erroneous facts. See, e.g., Flute v. United States, 210 Ct. Cl. 34, 535 F.2d 624 (1976). Plaintiff has failed to set forth any facts or argument supporting the conclusion that the bcnr’s denial of a hearing constituted an abuse of discretion.
it is therefore ordered, upon consideration of defendant’s motion for summary judgment and applicable authorities, without oral argument, that plaintiff was lawfully discharged from the military and that the decision of the bcnr was supported by substantial evidence and was not arbitrary or capricious. The motion is granted and the petition is dismissed.

 This action was apparently in response to the news that the Commanding General had changed his mind about granting a separation from service. The psychiatric report states that plaintiff wished to leave the usmc in order to escape what he considered continuing harassment.