HECTOR RIVERA SIACA, D.B.A. GUAYABERAS DON HECTOR, PLAINTIFF
*v.* UNITED STATES, DEFENDANT

Court No. 82-10-01414

Before RESTANI, *Judge.*

(Dated January 26, 1984)

*John M. Garcia,* for plaintiff.
*Richard K. Willard,* Acting Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office and *Michael P. Maxwell,* for defendant.

### Opinion and Order

RESTANI, *Judge:* This action seeking a return of merchandise seized by the United States Customs Service was commenced on May 24, 1982 in the United States District Court for the District of Puerto Rico (Civil Action No. 82-1467). By order dated October 4, 1982 Chief Judge Torruella transferred the action to the United States Court of International Trade on the ground that the action was "a collateral attack on the United States Customs Service collection of the customs duties assessed on the merchandise imported by Petitioner." The district court concluded that it lacked jurisdiction to hear the action because of the exclusive subject matter jurisdiction of this court under 28 U.S.C. § 1581(i)(2) (Supp. V 1981).

Defendant seeks dismissal of the action, or in the alternative transfer to the district court. Plaintiff opposes dismissal but would consent to transfer, arguing that the "District Court for the District of Puerto Rico should have the first choice to hear this action." Opposition to Motion to Dismiss, p. 10.

Plaintiff's complaint is entitled "Petition for Return of Seized Property." Plaintiff does not dispute defendant's assertion that the property at issue is some 237 dozen ornamented shirts imported from Mexico and that they have been sold at auction by defendant. Plaintiff alleges that the shirts were seized during an illegal search by Customs Service agents, and he is seeking compensation for such action. A similar complaint, Civil Action No. 82–1307, was dismissed by the district court.[1]

Defendant's view of this matter is that the shirts were voluntarily turned over to the Customs Service as partial satisfaction of a claim for duties and penalties owing on account of double invoicing.[2] According to this view, the action must be dismissed because it is a challenge to assessment of duties, and the challenge was not made via a protest. Therefore, according to defendant, jurisdiction does not lie under 28 U.S.C. § 1581(a) (Supp. V 1981). Defendant further argues that jurisdiction is lacking under 28 U.S.C. § 1581(i) since the protest procedure has not been pursued, citing *United States* v. *Uniroyal, Inc.,* 687 F.2d 467 (Fed. Cir. 1982), and also that the action is barred by the statute of limitations applicable to 28 U.S.C. § 1581(i).

Plaintiff has not provided the court with a clear statement of the statutory basis for jurisdiction over this case, as is his duty. *United States* v. *Biehl & Co.,* 3 CIT 158, 160, 539 F.Supp. 1218 (1982).

Inasmuch as a protest was not filed, if this action is found to be a challenge to the Customs Service determination of the amount of duties owing, dismissal would be required on the grounds discussed in *United States* v. *Uniroyal. See also Lowa Ltd.* v. *United States,* 5 CIT 81, *aff'd,* No. 83–1018 (Fed. Cir. Jan. 4, 1984); and *American Air Parcel Forwarding Co.* v. *United States,* 5 CIT 8, 557 F.Supp. 605, *aff'd,* No. 83–716 (Fed. Cir. Oct. 14, 1983). On the other hand, if this action is primarily a tort claim rather than a challenge to an assessment, the *Uniroyal* line of cases is inapposite.

It might be argued that this action involves "administration and enforcement with respect to" "any law providing for * * * revenue from imports or tonnage." 28 U.S.C. § 1581(i)(1)(4). At first blush this provision would seem to provide a basis in this court for jurisdiction over a tort claim against the United States based on the actions of customs agents attempting to collect duties. However, tort claims against the United States traditionally have been the province of the district courts under the Federal Tort Claims Act.

28 U.S.C. § 1346(b) (Supp. V 1981) provides:

---

[1] Obviously, in light of the dismissal, defendant's alternative request for consolidation with Civil Action No. 82–1307 cannot be considered.

[2] Plaintiff disputes defendant's statement of fact that the shirts were voluntarily turned over to the Customs Service in payment of duties and penalties. Plaintiff claims coercion, duress and false statements were used to obtain possession of the shirts and that no valid consent existed.

* * * the district courts * * * shall have exclusive jurisdiction of civil actions on claims against the United States for money damages * * * for injury or loss of property * * * caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.

But 28 U.S.C. § 2680 (1976) provides:

* * * section 1346(b) of this title shall not apply to * * * (c) any claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods or merchandise by any officer of customs or excise or any other law enforcement officer.

From the undisputed facts it is apparent that plaintiff's claim arose because of customs agents' attempts to collect duties. Therefore, the district court does not have jurisdiction to hear this matter under the Federal Tort Claims Act.[3]

Since the district court lacks jurisdiction and since 28 U.S.C. § 1581(a) jurisdiction is lacking because of failure to file a protest, if this court were to hear this action it would be recognizing a new cause of action against the United States. As this Court stated in *Carlingswitch, Inc.* v. *United States,* 5 CIT 70, 560 F.Supp. 46 *aff'd,* No. 83-871 (Fed. Cir. Feb. 15, 1983), "new causes of action cannot be created under 28 U.S.C. § 1581(i) * * * it is clear that 28 U.S.C. § 1581(i), standing alone, can give plaintiff no greater rights than those which it possessed prior to enactment of the Customs Court Act of 1980." This view was previously set forth in *Montgomery Ward & Co.* v. *Zenith Radio Corp.,* 69 CCPA 96, 673 F.2d 1254 (1982). The legislative history of § 1581(i) makes it quite clear that it was enacted to "eliminate the confusion" which formerly exited "as to the demarcation between the jurisdiction of the district courts and the Court of International Trade." H.R. Rep. No. 1235, 96th Cong., 2d Sess. 47 (1980), *reprinted in* 1980 U.S. Code Cong. & Ad. News 3729, 3758-3759. Before the enactment of the Customs Courts Act of 1980 there was no right of action available for the tort claim asserted by plaintiff. 28 U.S.C. § 2860(c). It would be contrary to the legislative intent of § 1581(i) to interpret it to create such a right of action.

Plaintiff has also asserted that jurisdiction exists on the basis recognized by *Bivens* v. *Six Unknown Named Federal Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971). Such suits are brought under 28 U.S.C. 1331(a) in the district courts and 28 U.S.C. 1581(i) "may be said to accomplish, as to the Court of International Trade, the purpose served by § 1331 for the district courts." *American Air Parcel Forwarding Co.* v. *United States,* 1 CIT 293, 515 F.Supp. 47 (1981). *See also Lowa Ltd.* v. *United States, supra.* But

---

[3] In *Bar Bea Truck Leasing Co., Inc.* v. *United States,* 4 CIT 70, 546 F.Supp. 558, 566 (1982), *rev'd in part on other grounds,* No. 82-36 (Fed. Cir. Aug. 11, 1983), this court transferred the tort aspects of a case to the district court, but the court in *Bar Bea* was not faced with the question of the applicability of 28 U.S.C. § 2680(c).

*Bivens*-type actions must be asserted against the officials accused of constitutional torts. *Ted Curry* v. *United States,* 221 Ct. Cl. 741, 745–746, 609 F.2d 980 (1979) and *Norton* v. *United States,* 581 F.2d. 390, 393 (4th Cir.), *cert. denied,* 439 U.S. 1003 (1978). The present suit was brought against the United States. Therefore, jurisdiction is not supported by *Bivens.*[4]

Because there is not basis for jurisdiction in the district court under *Bivens* or under the Federal Tort Claims Act, this action cannot be transferred to the district court.

For the foregoing reasons this action is dismissed for lack of subject matter jurisdiction.

---

[4] Because jurisdiction fails on other grounds, the court finds it unnecessary to address the question of whether a proper *Bivens*-type action may be brought in this court. It is also unnecessary to address the statute of limitations defense which was raised.