Samuel **HENRICHS**, Plaintiff,

v.

The **UNITED STATES**, Defendant.

No. 92–596C.

United States Court of Federal Claims.

March 1, 1993.

Michael J. Best, Great Falls, MT, for plaintiff.

Hillary A. Stern, Washington, DC, with whom was Asst. Atty. Gen. Stuart M. Gerson, and David M. Cohen, for defendant. Barbara Good, U.S. Dept. of Agriculture, of counsel.

## ORDER

MOODY R. TIDWELL, III, Judge:

This case is before the court on defendant's partial motion to dismiss for lack of subject matter jurisdiction. For the reasons set forth below, the court grants defendant's motion.

## FACTS[1]

Plaintiff was an employee of the United States Department of Agriculture Forest Service (USFS) at the USFS Region I Fire Cache Warehouse in Missoula County, Montana. In 1989, plaintiff wrote to his congressional delegation regarding his frustration over the classification of his position as "casual," resulting in the USFS' failure to compensate him for overtime hours worked. On or about May 18, 1990, defendant was notified of his termination from his position effective May 20, 1990. Plaintiff claims that the reason given for his termination was that there was a lack of work. However, a replacement employee was hired on May 23, 1990, to perform the same work that plaintiff had been performing.

Plaintiff originally filed a claim for overtime wages and for retaliatory discharge in the United States District Court for the District of Montana. That court transferred the case to the United States Claims Court,[2] and plaintiff filed his complaint here on September 15, 1992.

Pursuant to section 15(a)(3) of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 215(a)(3) (1988), plaintiff seeks compensation for "loss of employment, loss of promotion possibilities, loss of wages, mental anguish and emotional distress, loss of career opportunity, loss of quality of life, and loss of liberty" due to his allegedly wrongful and retaliatory discharge. Plaintiff also seeks damages for the overtime compensation allegedly due him under sections 7(a) and 16(b) of FLSA, 29 U.S.C. §§ 207(a), 216(b) (1988). Plaintiff proclaims that this court has jurisdiction over his claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1346(b).

On January 21, 1993, defendant filed a partial motion to dismiss pursuant to RCFC 12(b)(1), arguing that this court lacks subject matter jurisdiction to entertain plaintiff's claim for wrongful and retaliatory discharge.

## DISCUSSION

I. *Standard of Review*

In considering defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1), the court must accept as true any undisputed allegations of fact made by the non-moving party. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed.Cir. 1988). When subject matter jurisdiction is questioned, the non-moving party bears the

---

1. For the purposes of this order, the court relies on the factual allegations presented in plaintiff's complaint and plaintiff's response to defendant's partial motion to dismiss. In future proceedings, the court will look to the parties' subsequent filings for further elucidation of the facts.

2. The Federal Courts Administration Act of 1992, Pub.L. No. 102–572, 106 Stat. 4506, enacted on October 29, 1992, changed the name of the United States Claims Court to the United States Court of Federal Claims. The United States Court of Federal Claims is the successor to the United States Claims Court in all respects.

burden of establishing the court's jurisdiction. *Id.* at 748. Plaintiff has not met the required burden for showing that jurisdiction lies with this court with respect to his retaliatory discharge claim. Instead, plaintiff has requested that the court transfer his claim back to the district court, in effect conceding that this court does not have jurisdiction.[3]

## II. *Tucker Act Jurisdiction*

 The Tucker Act specifically grants the Court of Federal Claims jurisdiction over claims "against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases *not sounding in tort."* 28 U.S.C. § 1491(a)(1) (1988) (emphasis added). Thus, this court does not have jurisdiction over tort claims. *E.g., Berdick v. United States,* 612 F.2d 533, 536, 222 Ct.Cl. 94 (1979); *Curry v. United States,* 609 F.2d 980, 982–83, 221 Ct.Cl. 741 (1979); *Eastport S.S. Corp. v. United States,* 372 F.2d 1002, 1010, 178 Ct.Cl. 599 (1967). As

plaintiff's charge that he was illegally fired in retaliation for his complaint to Congress is one "sounding in tort," this court lacks subject matter jurisdiction over this claim.[4] The court retains jurisdiction over the claim brought pursuant to sections 7(a) and 16(b) of FLSA.

## CONCLUSION

For the foregoing reasons, the court grants defendant's partial motion to dismiss. The parties are directed to file further dispositive motions, if any, by April 1, 1993. If the parties do not so file, the parties are ordered to appear by telephone at a status conference on April 15, 1993, at 2:00 p.m. EST to discuss the status of settlement negotiations.

IT IS SO ORDERED.

---

3. The court denies plaintiff's request to transfer his claim for retaliatory discharge back to the District Court for the District of Montana, as plaintiff has not made the requisite showing under 28 U.S.C. § 1631. That is, plaintiff has not shown that such transfer "is in the interest of justice," 28 U.S.C. § 1631 (1988), and that the district court's jurisdiction is proper, save for his statement that he had originally filed his claims there. The court does not, however, pass on the propriety of the district court's jurisdiction. The court cautions that should plaintiff choose to refile his claim for retaliatory discharge in the district court, he would thereby

divest this court of jurisdiction over his overtime claim. 28 U.S.C. § 1500 (1988); *see UNR Indus., Inc. v. United States,* 962 F.2d 1013 (Fed. Cir.1992).

4. Plaintiff did not, and could not, allege that this discharge was part of a tortious breach of contract. "[T]he Tucker Act has been interpreted to allow jurisdiction over claims which although somewhat "tortious" in nature, are essentially based upon the breach of a contractual obligation." *C.B.C. Enters., Inc. v. United States,* 24 Cl.Ct. 1, 4 (1991) (citation omitted).