**George M. BROWN, Plaintiff,**

v.

**UNITED STATES, Defendant.**

No. 94–257T.

United States Court of Federal Claims.

Aug. 8, 1996.

George M. Brown, Dallas, Texas, pro se plaintiff.

Robert N. Dorosin, with whom were Mildred L. Seidman, Chief, Court of Federal Claims Section, and Loretta C. Argrett, Assistant Attorney General, Tax Division, United States Department of Justice, Washington, D.C., attorneys of record for defendant.

## OPINION

HORN, Judge.

The above-captioned case comes before the court on defendant's motion for partial dismissal, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC), for lack of subject matter jurisdiction. Defendant claims that this court does not have jurisdiction, pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1) (1988 & Supp. 1994), over counts[1] II and III of plaintiff's complaint. Defendant argues that those counts allege either tort claims or due process claims under the Fifth Amendment to the United States Constitution, over which this court does not have jurisdiction.[2]

---

1. Plaintiff's complaint labels the three claims in the case as "Issues," rather than Counts.

2. On June 30, 1995, defendant filed a status report which stated that it believed that the Court had jurisdiction over the first count of plaintiff's complaint and would not be filing a motion to dismiss on that count. The issue presented in Count I of plaintiff's complaint is whether the plaintiff overpaid his regular income tax, penalties, and assessed interest for the 1990 tax year.

Plaintiff maintains that counts II and III of his complaint do not reach beyond the scope of a tax refund suit under 28 U.S.C. § 1491(a)(1). Included in plaintiff's claims are requests for money damages due to alleged improper tactics employed by the Internal Revenue Service ("IRS"), for alleged harm to plaintiff's credit reputation as a result of serving notices of levy and liens upon plaintiff's property, for the failure of the IRS to issue a statutory notice of deficiency for the 1990 tax year, and for failure to process plaintiff's second amended income tax return for the 1990 tax year. Defendant argues that all of the claims in counts II and III of plaintiff's complaint are either tort claims or due process claims under the Fifth Amendment to the United States Constitution and, therefore, do not vest this court with jurisdiction. This court agrees. Therefore, as discussed more fully below, defendant's motion for partial dismissal, is, hereby, **GRANTED.**

### FACTS

Plaintiff, George M. Brown, acting *pro se,* filed his complaint before this court seeking a refund of federal taxes for the 1990 tax year. Plaintiff's complaint, consisting of three counts, seeks a total of $29,303.39 in damages, plus costs. Count I of plaintiff's complaint alleges that plaintiff overpaid his regular income tax, penalties, and assessed interest for the 1990 tax year. Counts II and III of plaintiff's complaint seek monetary damages for alleged violations of plaintiff's rights as a result of negligent and wrongful actions of IRS personnel.

For the tax year at issue, 1990, plaintiff timely filed his federal income tax return on April 15, 1991, with the Austin Service Center, Austin, Texas. Plaintiff also attached to his complaint a copy of a second amended return (Form 1040X) for the 1990 tax year. This amended return was signed by the tax preparer on December 12, 1991, and signed by the taxpayer plaintiff on December 19, 1991.[3]

On November 27, 1991, prior to signing his second amended return and prior to seeking relief in this court, plaintiff filed a petition with the United States Tax Court (Tax Court Case No. 28255–91). In essence, plaintiff's petition before the Tax Court sought the following: (1) an assessment of plaintiff's 1990 taxes owed and a reasonable amount of time for payment of those assessed taxes and (2) a restraining order, preventing the IRS from levying against plaintiff's bank accounts and placing liens against his properties during the pendency of the Tax Court litigation.

On January 31, 1992, the Commissioner of Internal Revenue filed a motion to dismiss in the Tax Court proceeding for lack of jurisdiction. In the Tax Court proceeding, defendant maintained that under the provisions of Internal Revenue Code §§ 6213(b)(1) and 6213(g)(2)(A), the Commissioner has the authority to correct mathematical or clerical errors shown on any return without issuing a statutory notice of deficiency, and in Mr. Brown's case, the IRS, in fact, did correct such mathematical errors on his 1990 taxes. Therefore, defendant in the Tax Court action relied upon 26 U.S.C. § 6213(b) (1986) to support its argument that no statutory notice of deficiency was necessary or issued for the 1990 tax year, and that, therefore, the Tax Court did not have jurisdiction over plaintiff's petition.[4] The Tax Court agreed and

---

**3.** Defendant states in its motion that the second amended return for the 1990 tax year was filed on December 16, 1991, but provides no additional documentation of this fact. Plaintiff, however, has not disputed this contention.

**4.** 26 U.S.C. § 6213 states as follows:

(b) *Exceptions to Restrictions on Assessments.*—

(1) Assessments arising out of mathematical or clerical errors.—If the taxpayer is notified that, on account of a mathematical or clerical error appearing on the return, an amount of tax is excess of that shown on the return is due, and that an assessment of the tax has been or will be made on the basis of what would have been the correct amount of tax but for the mathematical or clerical error, such notice shall not be considered as a notice of deficiency for the purposes of subsection (a) (prohibiting assessment and collection until notice of the deficiency has been mailed), or of section 6212(c)(1) (restricting further deficiency letters), of or Section 6512(a) (prohibiting credits or refunds after petition to the Tax Court), and the taxpayer shall have no right to file a petition with the Tax Court based on such notice, nor shall such assessment or collection be prohibited by the provisions of subsection (a) of this section. Each notice under this

dismissed the case for lack of jurisdiction on March 6, 1992, stating the following:

This Court is a court of limited jurisdiction. It may therefore exercise jurisdiction only to the extent expressly provided by statute. *Breman v. Commissioner*, 66 T.C. 61, 66 [1976 WL 3667] (1976). In a case seeking the redetermination of a deficiency, the jurisdiction of the Court depends, in part, on the issuance by the Commissioner of a valid notice of deficiency to the taxpayer. Rule 13(a), Tax Court Rules of Practice and Procedure; *Frieling v. Commissioner*, 81 T.C. 42, 46 [1983 WL 14911] (1983). The notice of deficiency has been described as "the taxpayer's ticket to the Tax Court" because without it, there can be no prepayment judicial review by this Court of the deficiency determined by the Commissioner. *Mulvania v. Commissioner*, 81 T.C. 65, 67 [1983 WL 14912] (1983).

Petitioner was served with a copy of respondent's Motion to Dismiss for Lack of Jurisdiction and given the opportunity to file a notice of objection. On February 12, 1992, petitioner filed an Objection to Respondent's Motion to Dismiss for Lack of Jurisdiction, and on February 19, 1992, petitioner filed a supplemental objection. Petitioner has not established that a notice of deficiency has been sent to him so as to form a basis for an appeal to this Court for the taxable year 1990.

Petitioner on March 2, 1992, filed a Motion to Restrain Assessment or Collection. This Court has no authority to restrain collection unless a timely petition has been filed. Since no notice of deficiency has been issued upon which a timely petition can be filed, this Court is not authorized to consider petitioners Motion to Restrain Assessment or Collection and provide the relief requested therein. *Kamholz v. Commissioner*, 94 T.C. 11 [1990 WL 1106] (1990).

Subsequently, on October 8, 1991, the IRS sent plaintiff a "Final Notice (Notice of Intention to Levy)" in reference to plaintiff's unpaid 1990 federal income tax, penalties, and interest, signed by W.R. Chapman, Revenue Officer, Richardson, Texas. The Notice informed plaintiff that within thirty (30) days of the Notice, the IRS may levy against plaintiff's bank accounts and wages and file liens against his properties, unless plaintiff paid his tax liability, in full. The Final Notice reads as followed:

Our records show that we have previously sent you notices, but we have not received full payment of the Federal tax liability shown below. This is your final notice.

A Notice of Federal Tax Lien, which is public notice that there is a tax lien against your property, may be filed at any time to protect the interest of the government. If you do not take the requested action within 30 days from the date of this notice, we may, without further notice to you, levy upon and seize your property and rights to property. Section 6331 of the Internal Revenue Code allows us to seize wages, bank accounts, commissions, and other income. Real estate and personal property such as business assets and automobiles may also be seized. The enclosed publication contains an explanation of the actions we may take.

To prevent action from being taken, send full payment today by check or money order payable to the Internal Revenue Service. Write your social security number or employer identification number on your payment. Enclose this letter with your payment in the envelope provided, so we can quickly credit your account. Also, include your telephone number and the most convenient time for us to call if we need more information.

---

paragraph shall set forth the error alleged and an explanation thereof.

(2) *Abatement of assessment of mathematical or clerical errors.—*

(A) Request for abatement.—Notwithstanding section 6404(b), a taxpayer may file with the Secretary within 60 days after notice is sent under paragraph (1) a request for an abatement of any assessment specified in such notice and upon receipt of such request, the Secretary shall abate the assessment. Any reassessment of the tax with respect to which an abatement is made under this subparagraph shall be subject to the deficiency procedures prescribed by this subchapter.

On January 9, 1992, having received no payment from the taxpayer, the IRS filed a Notice of Levy on plaintiff's bank account with Nations Bank in Dallas, Texas, for unpaid taxes and additions during the 1990 tax year, totalling $44,533.99. Also on January 23, 1992, the IRS filed a Notice of Levy on plaintiff's interest in the Flossie Northcutt Wheeler Trust, totalling $45,017.41, which, however, was released on February 10, 1992.

According to IRS documentation, the Service also filed liens against plaintiff's properties on December 6, 1991, but released those liens on March 6, 1992, after payment in full was received from the taxpayer plaintiff. In a letter dated March 9, 1992, Gary O. Booth, the District Director of IRS informed plaintiff as follows: "Our records indicate that your account has been full paid. Release of Federal Tax Lien forms were mailed today to Dallas and Gregg Counties." Plaintiff has acknowledged receipt of the letter and included a copy of this letter as an attachment to his complaint in this court. Following payment of $38,897.55 by the plaintiff, the IRS transcript records reflect that plaintiff's account was marked as fully paid, as of February 13, 1992.

## DISCUSSION

When considering a motion to dismiss, the court may consider all relevant evidence in order to resolve any disputes as to the truth of the jurisdictional facts alleged in the complaint. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir.1988). The court is required to decide any disputed facts which are relevant to the issue of jurisdiction. *Id.* at 747.

The basic standards for weighing the evidence presented by the parties when evaluating a motion to dismiss for lack of jurisdiction pursuant to RCFC 12(b)(1), have been articulated by the United States Supreme Court and the United States Court of Appeals for the Federal Circuit as follows: "in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *accord Hamlet v. United States*, 873 F.2d 1414, 1416 (Fed.Cir.1989); *see also State of Alaska v. United States*, 32 Fed.Cl. 689, 695 (1995). In rendering a decision, the court must presume that the undisputed factual allegations included in the complaint by plaintiff are true. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d at 746; *Miree v. DeKalb County*, 433 U.S. 25, 27 n. 2, 97 S.Ct. 2490, 2492–93 n. 2, 53 L.Ed.2d 557 (1977); *State Alaska v. United States*, 32 Fed.Cl. at 695.

The burden of establishing jurisdiction is on the plaintiff. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936); *State of Alaska v. United States*, 32 Fed.Cl. at 695; *Catellus Dev. Corp. v. United States*, 31 Fed. Cl. 399, 404 (1994). The court should not grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Moreover, "conclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss." *Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir.1981).

In the above-captioned case, defendant has moved to dismiss Counts II and III of plaintiff's complaint for lack of jurisdiction, asserting that these counts are either claims sounding in tort, or due process claims, pursuant to the Fifth Amendment to the United States Constitution. In its motion to dismiss, defendant argues that plaintiff's claims included in counts II and III request money damages for alleged due process violations due to "pressure tactics" by the Collection Division of the IRS against plaintiff and for alleged harm to plaintiff's credit reputation resulting from the service of notices of levy by the IRS upon his bank accounts (tort claims), or request money damages due to the failure of the IRS to issue a statutory notice of deficiency for the tax year 1990 and for failure to process his second amended income tax return for 1990 (due process claims). Defendant argues that the claims raised in the second and third counts of

plaintiff's complaint cannot be considered as coming within the purview of a tax refund suit, sufficient to invest this court with jurisdiction under the Tucker Act, 28 U.S.C. § 1491. This court agrees with the defendant.

Count II of the *pro se* plaintiff's complaint, in its entirety, states as follows:

## COUNT II

There is a problem with the theory versus the practice, in theory a taxpayer has a right to a formal notice of deficiency yet this was never issued. In theory a taxpayer who does not receive courteous and considerate treatment from the IRS agent has the right to request another another [sic] collection agent, despite repeated requests the IRS never allowed the taxpayer to have another officer nor another branch office assigned to this case. Herein is the exact language, you have the right to request that your case be transferred to another district or to another office within a district. Generally, your request will be honored if you have a valid reason.

Another theory is you may have a release from levy but several years later the local credit bureau still has that levy and the notice of bank liens on the current credit report. The issue here is—who is there to enforce all these rules and regulations? The quick answer is no one is there, aside from the federal courts, to protect the rights of taxpayers. The rule of law is plain enough, in Section 6331(e) of the Internal Revenue Code it states that the Secretary has a duty to promptly release the levy when the liability has been satisfied or becomes unenforceable. It is the position of the taxpayer that the District Director of the Internal Revenue acting on behalf of the Secretary of the Treasury, failed to complete the job, in his letter of 9 March 1992 the District Director did release the tax liens but as far as the local credit bureau is concerned they are still in effect. Let us look at another case of empty statements, in his letter of 6 February 1992 the District Director assures an official that the Amended Tax return Form 1040X is being processed and once that process is completed he will be notified. Once again we have an empty promise, the taxpayer is still waiting for information as to the status of the Amended Tax Return. Then there is the matter of a valid contract. It is a well established rule of law that contracts entered into under duress will not be enforced by the courts. Prior to signing this 30 day agreement on 5 December 1991 the taxpayer had already received notice from the Internal Revenue that there would be enforced collection of the disputed amount, which included tax liens on property and tax levies on all bank accounts. It is the position of the taxpayer that pressure tactics were used to reach a sham agreement and almost no effort was employed to correct the error by the Internal Revenue in its calculations of the taxes due for that year.

Count III of the *pro se* plaintiff's complaint, in its entirety, states as follows:

## COUNT III

There is the matter of harassment by the Internal Revenue, in *Graham v. U.S.*, 528 F Supp [933] ED Penn (1981) [sic] plaintiff sued the Internal Revenue for harassing investigations and here damages were awarded to the plaintiff-taxpayer. In *Interfirst Bank Dallas v. U.S.*, 769 F.2d 299 (1985) 5th CA [sic] levy is defined in 26 U.S.C.A. 6331 is a forcible means of extracting taxes from a recalcitrant taxpayer. In *Black v. U.S.*, 534 F.2d 524 (1976) N.Y.2d Cir. [sic] there was also harassment of the taxpayer by IRS agents. In *Jensen v. IRS*, 835 F.2d 196 CA 9th Cir. (1987) [sic] the court held the individual taxpayer must meet the irreparable harm test in order to recover damages against the IRS. One would contend that there was harm to the credit record of the taxpayer because of this enforced collection of taxes, and attempting to pay bills while checking accounts have been subject to attachment was difficult. At issue here is how much force was necessary here, was there excessive power used and was the conduct of the agent and his supervisors that which went far beyond what should be permitted? The taxpayer-plaintiff asks for

relief in respect to the aforementioned matters.

█ In order for this court to have jurisdiction over Counts II and III of plaintiff's complaint, the Tucker Act, 28 U.S.C. § 1491, requires that a substantive right to monetary damages, enforceable against the United States, must exist independent of 28 U.S.C. § 1491. The Tucker Act merely confers jurisdiction on the Court of Federal Claims; it does not create any substantive right which is enforceable against the United States for those money damages. *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351–52, 63 L.Ed.2d 607 (1980) (*Mitchell I*); *United States v. Testan,* 424 U.S. 392, 398–99, 96 S.Ct. 948, 953–54, 47 L.Ed.2d 114 (1976); *United States v. Connolly,* 716 F.2d 882, 885 (Fed.Cir.1983) (*en banc*), *cert. denied,* 465 U.S. 1065, 104 S.Ct. 1414, 79 L.Ed.2d 740 (1984).

The Tucker Act provides:

The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

█ Moreover, a waiver of the traditional sovereign immunity "cannot be implied but must be unequivocally expressed." *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 1503, 23 L.Ed.2d 52 (1969). The individual claimants, therefore, must look beyond the jurisdictional statute for a waiver of sovereign immunity. *United States v. Testan,* 424 U.S. at 398, 96 S.Ct. at 953. Stated otherwise, "in order for a claim against the United States founded on statute or regulation to be successful, the provisions relied upon must contain language which could fairly be interpreted as mandating recovery of compensation from the government." *Cummings v. United States,* 17 Cl.Ct. 475, 479 (1989), *aff'd,* 904 F.2d 45 (Fed.Cir.1990); *see also United States v. Mitchell,* 463 U.S. 206, 216–17, 103 S.Ct. 2961, 2967–68, 77 L.Ed.2d

580 (1983) (*Mitchell II*) (citing *United States v. Testan,* 424 U.S. at 400, 96 S.Ct. at 954 (quoting *Eastport Steamship Corp. v. United States,* 178 Ct.Cl. 599, 607, 372 F.2d 1002, 1009 (1967))); *Duncan v. United States,* 229 Ct.Cl. 120, 138, 667 F.2d 36, 47 (1981), *cert. denied,* 463 U.S. 1228, 103 S.Ct. 3569, 77 L.Ed.2d 1410 (1983).

This court's predecessor, the United States Court of Claims, articulated the jurisdiction of this court, pursuant to 28 U.S.C. § 1491, in *Eastport Steamship Corp. v. United States,* 178 Ct.Cl. 599, 372 F.2d 1002 (1967). Because the plaintiff in this case is proceeding *pro se,* the court, offers the following, albeit lengthy, comprehensive selections from *Eastport Steamship Corp. v. United States,* which more fully explain the jurisdictional parameters of this court:

Section 1491 of Title 28 of the United States Code allows the Court of Claims to entertain claims against the United States 'founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort'. But it is not every claim involving or invoking the Constitution, a federal statute, or a regulation which is cognizable here. The claim must, of course, be for money. Within that sphere, the noncontractual claims we consider under Section 1491 can be divided into two somewhat overlapping classes—those in which the plaintiff has paid money over to the Government, directly or in effect, and seeks return of all or part of that sum; and those demands in which money has not been paid but the plaintiff asserts that he is nevertheless entitled to a payment from the treasury. In the first group (where money or property has been paid or taken), the claim must assert that the value sued for was improperly paid, exacted, or taken from the claimant in contravention of the Constitution, a statute, or a regulation. In the second group, where no such payment has been made, the allegation must be that the particular provision of law relied upon grants

the claimant, expressly or by implication, a right to be paid a certain sum . . . .

We have referred to these cases [the former cases] as those in which 'the Government has the citizen's money in its pocket' and the claim is 'to recover an illegal exaction made by officials of the Government, which exaction is based upon a power supposedly conferred by a statute' [citations omitted]; and we have held that 'suit can be brought in this court to recover [such] exactions said to have been illegally imposed by federal officials (except where Congress has expressly placed jurisdiction elsewhere)' [citations omitted].

The second category includes the varied litigations in which we are urged to hold that some specific provision of law embodies a command to the United States to pay the plaintiff some money, upon proof of conditions which he is said to meet . . . .

Monetary claims which cannot be brought within these limits are beyond this court's jurisdiction, even though they may intimately involve the Constitution, an Act of Congress, or an executive regulation. This is the reverse of saying that this court is not concerned with any and all pecuniary claims against the Federal Government, simply because they rely upon (and in that sense are 'founded upon') an aspect of federal, constitutional, statutory or regulatory law. Where the claimant is not suing for money improperly exacted or retained (the first class defined above), the historical boundaries of our competence have excluded those instances in which the basis of the federal claim—be it the Constitution, a statute, or a regulation—cannot be held to command, in itself and as correctly interpreted, the payment of money to the claimant, but in which some other principle of damages has to be invoked for recovery . . . . Under Section 1491 what one must always ask is whether the constitutional clause or the legislation which the claimant cites can fairly be interpreted as

mandating compensation by the Federal Government for the damage sustained. If not, this court cannot give relief under Section 1491, although some separate general principle—arising, for example, from tort law—might lead to a remedy in another forum or under some special relief provision.

*Eastport Steamship Corp. v. United States,* 178 Ct.Cl. at 605–07, 372 F.2d at 1007–08 (citations omitted).

In the above-captioned case, the taxpayer plaintiff also mistakenly relies on the Fifth Amendment Due Process Clause as a jurisdictional basis for his claim for money damages in Counts II and III. Plaintiff claims the following due process violations: (1) denial of his due process right to obtain a determination of the correct amount of his income tax for the tax year at issue, prior to any collection action by the IRS; (2) denial of his due process right to have a new IRS officer assigned to his case and to have his case transferred to a different collection branch office; (3) denial of his due process rights based on an alleged failure by the IRS to release liens and levies filed against him; and, (4) denial of his due process right to have the IRS process his second amended tax return for the tax year at issue.

■ A Fifth Amendment due process violation, however, does not create an independent cause of action for money damages.[5] *Murray v. United States,* 817 F.2d 1580, 1583 (Fed.Cir.1987); *Earnest v. United States,* 33 Fed.Cl. 341, 344 (1995). The United States Court of Appeals for the Federal Circuit has stated: "Although the Fifth Amendment's due process clause provides that no person shall be deprived of property without due process of law, no language in the clause itself requires the payment of money damages for its violation." *Murray v. United States,* 817 F.2d at 1583, (*citing Inupiat Community of the Arctic Slope v. United States,* 230 Ct.Cl. 647, 662, 680 F.2d 122,

---

5. This court notes that although a Fifth Amendment due process violation does not create a cause of action for money damages, this court does have jurisdiction under the takings clause of the Fifth Amendment which states, "nor shall private property be taken for public use, without just compensation." U.S. Const. Amend. V. Plaintiff in this case, however, has not presented a cognizable takings claim requiring just compensation under the Fifth Amendment of the United States Constitution.

132, *cert. denied,* 459 U.S. 969, 103 S.Ct. 299, 74 L.Ed.2d 281 (1982)). Therefore, the due process allegations raised in counts II and III of plaintiff's complaint do not present cognizable causes of action in this court.

■■■ Plaintiff's claims for money damages in Counts II and III also allege unlawful "pressure tactics" by the IRS and injury to plaintiff's credit reputation as a result of filing notices of liens and levies upon plaintiff's property. All of these claims are based upon the alleged negligent and wrongful conduct of IRS personnel. These claims, however, are claims sounding in tort, and also are not within the jurisdictional purview of this court. 28 U.S.C. § 1491(a)(1). The jurisdictional statute of this court, the Tucker Act, 28 U.S.C. § 1491(a)(1), specifically states that this court does not have jurisdiction over claims "sounding in tort." Moreover, jurisdiction to hear tort claims is exclusively granted to the United States District Courts under the Federal Tort Claims Act. 28 U.S.C. 1346(b); [6] *see also Wood v. United States,* 961 F.2d 195, 197 (Fed.Cir.1992); *Martinez v. United States,* 26 Cl.Ct. 1471, 1476 (1992), *aff'd,* 11 F.3d 1069 (Fed.Cir. 1993). Plaintiff's claims for monetary damages, which arise out of alleged negligent and wrongful conduct of the defendant in the course of discharging official duties, are claims clearly sounding in tort. *See Smithson v. United States,* 847 F.2d 791, 794 (Fed. Cir.1988), *cert. denied,* 488 U.S. 1004, 109 S.Ct. 782, 102 L.Ed.2d 774 (1989); *Berdick v. United States,* 222 Ct.Cl. 94, 99, 612 F.2d 533, 536 (1979); *Curry v. United States,* 221 Ct.Cl. 741, 746, 609 F.2d 980, 982–83 (1979); *Blazavich v. United States,* 29 Fed.Cl. 371, 374 (1993).

Furthermore, Congress has specifically provided that claims for monetary damages alleging unauthorized collection action by IRS personnel are within the exclusive jurisdiction of the United States District Courts. 26 U.S.C. § 7433(a) (1994). Section 7433(a) of the Internal Revenue Code states as follows:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. . . .

26 U.S.C. § 7433(a).

■■■ Finally, Count II of plaintiff's complaint requests that the IRS release its liens against plaintiff's properties. Based on documents filed in the record before this court, however, the IRS appears to have released the liens filed against the plaintiff. In fact, the IRS sent plaintiff a letter, dated March 9, 1992, which states: "Our records indicate that your account has been fully paid. Release of Federal Tax Lien forms were mailed today to Dallas and Gregg Counties." Moreover, the IRS account records also indicate that the liens were, in fact, released on March 6, 1992, and that the levy on the W.D. Northcutt Estate was released on February 10, 1992.

■■■ Regardless, the United States District Courts have exclusive jurisdiction over claims for monetary damages related to the failure of IRS personnel to release a federal tax lien pursuant to 26 U.S.C. § 7432 (1994). *See also Standifird v. United States,* 32 Fed. Cl. 731, 734 (1995). Section 7432(a) of the Internal Revenue Code states:

> If any officer or employee of the Internal Revenue Service knowingly, or by reason of negligence, fails to release a lien under Section 6325 on property of the taxpayer, such taxpayer may bring a civil

---

**6.** 28 U.S.C. § 1346(b) provides as follows:

> Subject to the provisions of chapter 171 of this title, the district courts, together with the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b) (1994).

action for damages against the United States in a district court of the United States.

26 U.S.C. § 7432(a). Therefore, the failure of the IRS to release federal tax levies and liens lies outside the jurisdictional purview of this court.

## CONCLUSION

Plaintiff has failed to demonstrate that a money-mandating statute exists which vests in this court the appropriate jurisdiction to provide the relief requested in either Counts II or III of plaintiff's complaint. The claims presented in both counts II and III of plaintiff's complaint are either claims sounding in tort or claims based upon due process violations. This court does not have jurisdiction to review either tort claims or alleged due process violations. Plaintiff's complaint extends beyond the jurisdiction of this court in tax refund suits, pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1). This court finds that the defendant has met its burden of proof on its motion to dismiss. Therefore, this court, hereby, **GRANTS** defendant's motion to dismiss counts II and III of plaintiff's complaint. The Clerk of the Court is directed to dismiss counts II and III in accordance with this decision.

Although this court has dismissed counts II and III of plaintiff's complaint, count I remains at issue before this court. The issue presented in Count I of plaintiff's complaint is whether the plaintiff overpaid his regular income tax, penalties, and assessed interest for the 1990 tax year. The parties filed a status report which indicated that they were pursuing settlement of count I, the remaining count at issue, and that the parties might be "fairly close to an accord as to plaintiff's total correct income tax liability for the tax year 1990 in suit." In light of the parties' status report, as well as this court's dismissal of counts II and III of plaintiff's complaint, this court, hereby, **ORDERS** the parties to confer regarding proposed future proceedings in the above-captioned case. In the event that the parties determine that future proceedings will be necessary in the above-captioned case, the plaintiff is **ORDERED** to file an amended complaint with this court, on or before **Friday, August 30, 1996.** The parties also are **ORDERED** to file a joint status report, on or before **Friday, September 6, 1996,** informing this court of the progress of settlement discussions and proposing dates for future proceedings.

Furthermore, the parties are **ORDERED** to appear for a status conference on **Wednesday, September 11, 1996 at 11:00 a.m. EDT,** to discuss proposed dates for future proceedings in this case. The conference will be held at the National Courts Building, 717 Madison Place, N.W., Washington, D.C. The courtroom number will be posted in the lobby on the day of the conference. Defendant's counsel shall appear in person. The *pro se* plaintiff may appear by telephone. Unless notified otherwise, the plaintiff will be reached at (214) 373–4627.

**IT IS SO ORDERED.**