305 F.2d 557
 George D. PATTERSON, District Director of Internal Revenue, Appellant,
v.
W. A. BELCHER et al., Appellees.
James R. ABERNATHY, Jr., and Mary Belcher Abernathy, Appellants,
v.
George D. PATTERSON, District Director of Internal Revenue, Appellee.
 No. 18925.
 United States Court of Appeals Fifth Circuit.
 June 29, 1962.
 
 W. L. Longshore, U. S. Atty., Birmingham, Ala., Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Sharon L. King, Meyer Rothwacks, Robert N. Anderson, Attys., Dept. of Justice, Washington, D. C., Macon L. Weaver, U. S. Atty., Malcolm L. Tanner, Asst. U. S. Atty., for appellant.
 Erle Pettus, Jr., Al G. Rives, Birmingham, Ala., Rives, Peterson, Pettus & Conway, Birmingham, Ala., of counsel, for appellees.
 Before RIVES and WISDOM, Circuit Judges, and CARSWELL, District Judge.
 PER CURIAM.
 
 
 1
 We have considered carefully all grounds asserted and find no cause for rehearing although the petition does call attention to certain sentences of the Court's opinion which require amendment for clarification and correction textually without impairment to its rationale or its holding.
 
 
 2
 On page 292 of the opinion in 302 F.2d the Court stated:
 
 
 3
 "By agreement of the parties only a few of the many factual issues presented were submitted to the jury, all others being left to the trial court for determination. Since the court found that the sales were not made of property held primarily for sale to customers in the ordinary course of trade or business, the subsequent interrogatories submitted to the jury distinguishing long term gains from short term gaines (sic) necessarily followed. We hold that the issue was properly raised and adjudicated below and is, therefore, properly before this Court."
 
 
 4
 The language of this paragraph is amended to read as follows:
 
 
 5
 "By agreement of the parties only a few of the factual issues presented were submitted to the jury, all others being left to the trial court for determination. Submitted to the jury were interrogatories requiring the jury to determine, for the various years in question, the fair market value of certain timber held for more than six months, and less than six months. The jury made no determination that the taxpayer held the timber primarily for sale to customers in the ordinary course of trade or business. The jury only made such findings relating to the Allendale and Crawford tracts and such findings are not relevant to the particular issue here. The jury was not asked to make such a finding with respect to the other timber. It was either assumed by the parties that the timber was not held primarily for sale to customers in the ordinary course of trade or business, or either or both of the parties completely failed to bring this issue to the Court's attention at the time that the interrogatories were submitted to the jury. In any event, we find that such a determination is indispensable to a final adjudiciation of this cause. Since the District Court later found that the timber was not held primarily for sale to customers in the ordinary course of trade or business, the findings of the jury with respect to fair market value have efficacy. Had the court found, even after the jury's verdict, that the timber was held primarily for sale to customers in the ordinary course of trade or business irrespective of the jury verdicts the taxpayers would not be entitled to capital gain. What the District Court here did was, in effect, submit the question of damages to the jury prior to determining or having determined itself the question of liability.
 
 
 6
 "We hold, therefore, that the issue was properly raised in the court below and that the District Court made a finding of fact on this very point at issue."
 
 
 7
 Secondly, the paragraph of the Court's opinion on page 294 reading:
 
 
 8
 "The second question raised in the Director's appeal is whether the District Court erred in refusing to make a determination of the specific year in which the Allendale tract of land became a taxable event to the partnership."
 
 
 9
 should read as follows:
 
 
 10
 "The second question raised in the Director's appeal is whether the District Court erred in refusing to make a determination of the specific year in which the Allendale mortgage foreclosure became a taxable event to the partnership."
 
 
 11
 The language of the latter paragraph is substituted for the former language of the opinion.
 
 
 12
 Of the other matters urged in the petition for rehearing we conclude that these are repetitious of the grounds previously submitted, considered and determined. The petition for rehearing is, therefore,
 
 
 13
 Denied.