Elinor P. McLENNAN, Individually and as Executrix of the Estate of Donald R. McLennan, Jr., Deceased, Plaintiff/Cross–Appellant,

v.

The UNITED STATES, Defendant–Appellant.

Nos. 92–5122, 92–5128.

United States Court of Appeals, Federal Circuit.

June 4, 1993.

**840**

Michael J. Lynch, Kirkpatrick & Lockhart, Pittsburgh, PA, argued for plaintiff/cross-appellant. With him on the brief was Nicholas P. Vari.

Kenneth W. Rosenberg, Atty., Dept. of Justice, Washington, DC, argued for defendant-appellant. With him on the brief were James A. Bruton, Acting Asst. Atty. Gen., Gary R. Allen, Ann B. Durney and Steven W. Parks.

William J. Smith and Carolyn D. Duronio, Reed Smith Shaw & McClay, Pittsburgh, PA, were on the brief for the Amicus Curiae, Western Pennsylvania Conservancy.

Before PLAGER, LOURIE, and CLEVENGER, Circuit Judges.

PLAGER, Circuit Judge.

This case involves a challenge by the United States Government (Government) to certain tax deductions, claimed by Elinor P. and Donald R. McLennan (taxpayer), based on a grant of a scenic easement to the Western Pennsylvania Conservancy. The Conservancy is part of the national conservancy movement, and is a tax-exempt organization under I.R.C. § 501(c)(3) (1988). The Court of Federal Claims [1] concluded that the taxpayer was entitled to the deduction. *McLennan v. United States*, 23 Cl.Ct. 99 (1991) (*McLennan I*) (partial summary judgment); 24 Cl. Ct. 102 (1991) (*McLennan II*) (trial). The Government appeals this judgment.

In determining the quantum of the taxpayer's refund, the Court of Federal Claims valued the scenic easement at $223,260.28, *McLennan II* at 111, and rejected the Government's argument that the deduction should be offset by what the Government now feels to be improper deductions for business losses for the years in question. *McLennan I* at 107. Both the Government and the taxpayer appeal aspects of this judgment. We *affirm* the trial judge in all respects.

## BACKGROUND

The Court of Federal Claims set forth the factual background of this appeal in two thorough, well-written opinions. We need not revisit that background here. Suffice it to note that for two successive tax years the taxpayers took a deduction for the scenic easement donation, and that taxpayers also took deductions for business losses. The IRS, as a result of tax audits, initially challenged the amount of the scenic easement deduction taken by taxpayer, but not the entitlement. In addition, the IRS allowed the claimed deductions for business losses. Taxpayer paid the assessed deficiencies resulting from the partial disallowance of the deduction for the easement, and then brought suit for refund in the Court of Federal Claims.

## DISCUSSION

In response to taxpayer's suit, the Govern-

---

1. The Claims Court was renamed the Court of Federal Claims on October 29, 1992. Federal Courts Administration Act of 1992, Pub.L. No. 102–572, § 902(a), 106 Stat. 4516 (1992).

ment raised a number of defenses.[2] Included were (1) whether, since the McLennans retained dominion and control over the property subject to the easement, they had transferred anything of value (ie, whether there had been an actual contribution of value); (2) whether there was the necessary donative intent—the Government argued that taxpayers who make donations of conservation easements are motivated to maintain their property values and also obtain a tax deduction, and that that destroys the necessary donative intent; and (3) on the facts of this case, whether there was an offset for certain allegedly improper 'farm loss' deductions that taxpayer had claimed.

The trial judge on summary judgment determined that the Conservancy's charitable status remained unaffected by its accepting transfers of scenic easements (the issue later withdrawn by the Government, see footnote 2); that plaintiff had transferred an interest of value, and that the Government had failed to establish its entitlement to an offset. *McLennan I.* In a subsequent trial, the trial judge concluded that the requisite donative intent and exclusive conservation purpose were sufficiently established, and determined the fair market value of the scenic easement. *McLennan II.* In addition to the Govern-

ment's appeal of the judgment against it, the taxpayers challenge on appeal the valuation of the easement, arguing that the Court of Federal Claims erred in holding that, for a portion of the property at issue, the highest and best use was as less than fully developed real estate.

We have reviewed carefully the issues raised by the Government, and find that each of them was fully and correctly decided by the trial court. Judge Futey issued two thorough opinions, one disposing of the summary judgment motions, and one following the trial on the merits. We cannot add anything to his analysis, and find little with which to disagree. Nor are we persuaded that Judge Futey incorrectly evaluated the dollar value of the easement.

Accordingly we affirm in all respects the judgment of the Court of Federal Claims.

*AFFIRMED.*

---

2. The first defense raised, and repeated initially on appeal to this court, was in effect an attempt to revoke by judicial decree the tax-exempt status of the donee Conservancy. The Government argued that the Conservancy's scenic easement program conferred direct benefits on grantors by enhancing the value of their holdings and by providing tax benefits, and thus the Conservancy ceased to be a charitable organization under I.R.C. § 170(c)(2) (1988). The Government's claim that the Conservancy had somehow lost its charitable character by accepting a grant of a scenic easement brought forth a strong objection from plaintiff taxpayer, as well as, on appeal, a brief amicus curiae from the Western Pennsylvania Conservancy. In its reply brief before this court, the Government acknowledged the difficulty of its position, and withdrew that issue. We consider the matter closed, and need not address it further.