**Gisele C. FISHER, Personal Representative of the Estate of Bennett I. Fisher, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 91–1087T.**

United States Court of Federal Claims.

June 2, 1994.

Paul W. Oden, Seattle, WA, Atty. of record (Miller, Nash, Wiener, Hager & Carlsen, of counsel), for plaintiff.

Jeffrey H. Skatoff, Washington, DC, with whom was Asst. Atty. Gen., Loretta C. Argrett (Mildred L. Seidman and Thomas D. Sykes, of counsel), for defendant.

### *OPINION*

FUTEY, Judge.

This matter is before the court on plaintiff's motion to strike defendant's first amended answer. This motion presents a matter of first impression to this court. Plaintiff asserts that defendant does not have a reasonable basis to assert an offset of interest allegedly due, but not assessed, on

the underlying tax item which is the subject of this tax refund case. Defendant replies that the offset is reasonable and that this matter should be dealt with after the trial on the merits.[1]

### Factual Background

On March 10, 1994, defendant filed its first amended answer. In the answer, defendant asserted an offset of $701,964.00, in interest, from October 6, 1987, through November 20, 1990, that was allegedly due, but not assessed, by the government. Plaintiff, however, has paid the underlying tax upon which this interest was calculated as a prerequisite to jurisdiction in this court. *See Flora v. United States,* 362 U.S. 145, 149, 80 S.Ct. 630, 632, 4 L.Ed.2d 623 (1960); *Shore v. United States,* 9 F.3d 1524, 1526 (Fed.Cir. 1993). In its amended answer, defendant did not aver any basis for recovery of the interest. The statute of limitations for assessing the interest expired on March 4, 1991. Therefore, the only way for defendant to now recover the interest is by way of an offset.

On April 14, 1994, plaintiff moved to strike defendant's first amended answer. Plaintiff maintains that defendant has not demonstrated that its offset defense has a reasonable basis in fact or law. Plaintiff asserts that the government bears the initial burden of establishing that it is entitled to an offset attributable to an item on plaintiff's tax return. Moreover, plaintiff contends that defendant must assert an independent item in defendant's tax return which it challenges. Thus, plaintiff argues that the offset must relate to a tax return item *other than the deficiency item, which is the basis of* plaintiff's refund suit.

■ Defendant responded that plaintiff's motion to strike was required to be filed 20 days after service of the pleading sought to be struck, and is, consequently, out of time. RCFC 12(f), (a). Defendant also notes under RCFC 12(f), if neither party raises the issue,

the court has the right to strike material from a pleading *sua sponte.* Defendant correctly notes that plaintiff's motion is untimely; however, because plaintiff's motion has some merit, and this Opinion presents no prejudice to defendant, this court will consider the issue.

Defendant further asserts that a motion to strike an affirmative defense as insufficient should not be granted unless, as a matter of law, the defense could not succeed under any circumstances. Defendant maintains that the Certificate of Assessments and Payments shows that the interest was due but not assessed. Further, defendant argues that because the offset defense may become moot after the trial on the merits, it should be addressed only by post-trial briefing.

### Discussion

This court has long allowed the government "to recompute tax liability to offset a refund claim even though the statute of limitations would otherwise bar an independent IRS claim against the taxpayer." *McLennan v. United States,* 23 Cl.Ct. 99, 105 (1991), *aff'd* 994 F.2d 839 (Fed.Cir.1993); *Lewis v. Reynolds,* 284 U.S. 281, 52 S.Ct. 145, 76 L.Ed. 293 (1932); *Dysart v. United States,* 169 Ct.Cl. 276, 340 F.2d 624 (1965); *Missouri Pacific Railroad Co. v. United States,* 168 Ct.Cl. 86, 338 F.2d 668 (1964). Nonetheless, the issue of whether defendant may offset a refund by interest allegedly due on that same amount, but which was not assessed, has not been addressed by this court.

■ The assertion of an offset produces one of the few times in a refund suit where the initial burden is on defendant. Although plaintiff ultimately bears the burden of proving that the item the government challenges is correct, defendant "must first demonstrate that there is a reasonable basis in fact or in law for its setoff defense before the burden of proof shifts to the taxpayer."[2] *McLennan,* 23 Cl.Ct. at 106.

---

1. Trial in this case is scheduled for June 7–10, 1994.

2. The court notes also that in many offset cases the abuse that the court seeks to avoid occurs when defendant belatedly asserts the defense,

and seeks to reopen discovery in what is, in actuality, a fishing expedition. *Mahoney v. United States,* 223 Ct.Cl. 713, 719 (1980) ("every fisherman lowers his hook where he thinks there are most likely to be fish, but his opinion is not 'concrete and positive evidence' that fish are

■ At first blush, defendant's argument appears to present this court with a *non sequitur*. The interest defendant seeks to recover is based upon the tax at issue in this case, rather than a separate item from the same tax return. A finding for defendant would moot the issue of the offset since an offset is allowed only to the extent of the refund allowed to plaintiff. *Dysart*, 169 Ct. Cl. at 278.

Yet, a decision in plaintiff's favor is tantamount to a decision by this court that defendant was wrong when it assessed that tax against plaintiff;[3] hence, plaintiff has overpaid her taxes and is due a refund. *See* I.R.C. § 6402 (1986). As noted in the seminal Supreme Court case, *Lewis v. Reynolds*, "the ultimate question presented for decision, upon a claim for refund, is whether the taxpayer has overpaid his tax." 284 U.S. at 283, 52 S.Ct. at 146. If the amount of interest on that payment had been assessed, and plaintiff had paid that amount along with her payment of the underlying tax, then her suit here would be for refund not just of the tax, but of the interest she was required to pay on that tax. It is illogical to hold that plaintiff must pay interest on an amount that the IRS should never have assessed. If plaintiff wins her claim for a refund on the merits, defendant is in the untenable position of producing a "reasonable basis" for asserting that the government is owed interest on an "erroneous assessment."

Nonetheless, the instant case presents a narrow situation in which defendant might be able to assert a reasonable basis for the interest item. The case at hand involves a dispute over stock valuation. Therefore, at trial there is the possibility that this court could find that *neither* party properly valued the stock, and that some intermediate valuation is correct. In such a situation, part of

the assessment by the government would be correct, and interest that would have accrued on such portion might reasonably be offset against that portion that is due to plaintiff in refund. Plaintiff argues vigorously that the doctrine of offset applies only to other items on the tax return and not to anything attributable to the tax in issue. Although there is no specific authority on this issue, the court in *Dysart* found—

> It is not enough that [the taxpayer] can prevail on the particular items on which he sues, for he may have underpaid with respect to other components entering into that tax. Only if the *overall balance* moves his way can he recover. His *entire tax liability* under the particular tax return is therefore open for redetermination. [Emphasis added.]

The concern expressed in *Dysart* is that plaintiff should not reap a benefit where the bottom line on the tax return indicates that plaintiff is not due a refund. There is no reason that interest on the underlying tax should not be included in this calculation. Accordingly, the computation of a taxpayer's "overall balance" includes interest which accrued, but was not assessed, on the underlying tax which is the subject of the refund suit. Therefore, defendant has posited a reasonable basis for the offset. This issue, however, is only amenable to resolution after this court has rendered a decision on the merits after trial.

### Conclusion

Plaintiff's motion to strike is denied. This issue will be preserved for post-trial briefing.

there."); *see also, Missouri Pacific Railroad Co. v. United States*, 168 Ct.Cl. 86, 338 F.2d 668 (1964); *Americold Corp. v. United States*, 28 Fed. Cl. 747 (1993). Defendant here, however, does not seek to reopen discovery and asserts that the reasonableness of the interest offset is apparent from the Certificate of Assessments.

**3.** 28 U.S.C. § 1346(a)(1) (1988) provides that this court has jurisdiction over

Any civil action against the United States for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected ... or any sum alleged to have been excessive or in any manner wrongfully collected....

An example of "any sum" is interest. *Flora v. United States*, 362 U.S. 145, 149, 80 S.Ct. 630, 632, 4 L.Ed.2d 623 (1960); *Shore v. United States*, 9 F.3d 1524, 1526 (1993).