United States Court of Appeals,

Eleventh Circuit.

Alfers L. ALLEN, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 94-8393
Non-Argument Calendar.

May 9, 1995.

Appeal from the United States District Court for the Northern District of Georgia. (No. 1:92-02284-CV-RCF), Richard C. Freeman, Judge.

Before KRAVITCH, EDMONDSON and COX, Circuit Judges.

KRAVITCH, Circuit Judge:

The Commissioner of Internal Revenue offset the refund of a fraud penalty, improperly imposed on Allen, with new negligence and delinquency penalties for the same tax year. Allen sued for the balance; the district court concluded that the Commissioner's action was proper and denied the refund. We agree and AFFIRM.

I.

The material facts are not in dispute. Appellant Allen refused to pay his income taxes for the 1975 and 1976 tax years, submitting "protest" documents in lieu of the required returns. Allen was convicted for willful failure to file federal income tax returns under the former 26 U.S.C. § 7203,[1] and sentenced to one year imprisonment and three years probation. As a condition of his probation, Allen was required to file acceptable tax returns for

_____

[1]Unless otherwise indicated, all statutory references to "former" Internal Revenue Code provisions are to those in effect for the tax years in issue, 1975 and 1976.

1975 and 1976.

After the criminal proceedings concluded, the IRS conducted a civil audit to aid Allen's compliance with the probation condition. The agency's examination report calculated certain outstanding tax liabilities and non-fraud penalties for the two tax years;  it also determined that Allen was liable for approximately $6,600 in combined fraud penalties pursuant to former 26 U.S.C. § 6653(b). In an agreement with the IRS executed on August 16, 1985, Allen assented to payment of all outstanding tax liabilities, but did not agree to pay the penalties.  Allen later paid all penalties as well, but sought an administrative refund (albeit only of the fraud penalties).

While the IRS was attempting to extract the fraud penalties from Allen, the Tax Court, in *Kotmair v. Commissioner,* 86 T.C. 1253, 1259-62, 1986 WL 22144 (1986) (en banc), held that assessment of such penalties in a tax protester case like Allen's was improper.  In light of *Kotmair,* the IRS decided, in December 1990, to refund the fraud penalty assessment.  The agency concluded, however, that it was entitled to offset about $1800 from the $6600 refund by imposing, instead, delinquency[2] and negligence[3] penalties for the 1975 and 1976 tax years.

After exhausting his administrative remedies, Allen filed suit in the district court.  He contended that levying delinquency and negligence penalties in December 1990 was improper because the statute of limitations on imposing additional tax liability for the

---

[2]*See* former 26 U.S.C. § 6651(a).

[3]*See* former 26 U.S.C. § 6653(a).

1975 and 1976 tax years had already run.  The district court concluded that the assessment of the new penalties was proper even if it occurred outside of the applicable limitations period;[4]  it therefore granted summary judgment to the government. *See Allen v. United States,* 73 A.F.T.R.2d (P-H) ¶ 94-811, 94-1 U.S. Tax Cas. (CCH) ¶ 50,102, 1994 WL 116812 (N.D.Ga.1994).

## II.

### A.

On appeal, Allen concedes that the delinquency and negligence penalties would have been proper if assessed by August 1988, because his conviction for willful failure to file tax returns collaterally estops him from claiming that his failure to file in 1975 and 1976 was either "due to reasonable cause" within the meaning of former § 6651(a)(1) (and therefore non-delinquent), or that he was not negligent within the meaning of former § 6653(a). *See Kotmair,* 86 T.C. at 1262-64 ("willful failure to file" conviction precludes challenge to delinquency and negligence penalties).  Allen contends, however, that the running of the statute of limitations abrogated the IRS's power to impose such penalties.

---

[4]Allen contended that the August 1985 agreement was a "return" within the meaning of 26 U.S.C. § 6020(a), triggering the three-year statute of limitations under former 26 U.S.C. § 6501(a).  The district court assumed, solely for the purpose of ruling on the government's summary judgment motion, that the limitations period had run in August 1988.  We proceed on the same assumption on appeal;  accordingly, we do not address Allen's arguments regarding the scope of permitted discovery or the propriety of the Carroll affidavit, as both relate solely to the issue of whether the statute of limitations had expired.  We express no view, however, on whether the August 1985 agreement was actually a "return" within the meaning of § 6020(a).

This argument is foreclosed by *Lewis v. Reynolds,* 284 U.S. 281, 52 S.Ct. 145, 76 L.Ed. 293, *modified,* 284 U.S. 599, 52 S.Ct. 264, 76 L.Ed. 514 (1932). In *Lewis,* the taxpayer, after the expiration of the statute of limitations on additional tax assessment, filed a claim for refund alleging that certain deductions had been improperly disallowed. The Commissioner concurred, but refused to refund any money, contending that the amount of proper deductions improperly disallowed was less than the amount of certain other improper deductions that had been erroneously allowed on the same tax return. The taxpayer argued that the Commissioner lacked authority to reassess tax liability after the statute of limitations had expired. The Supreme Court disagreed, noting that

> "the ultimate question presented for decision, upon a claim for refund, is whether the taxpayer has overpaid his tax. This involves a redetermination of the *entire* tax liability. While no new assessment can be made, after the bar of the statute [of limitations] has fallen, the taxpayer, nevertheless, is not entitled to a refund unless he has overpaid his tax.'

> * * * * * *

> While the statutes authorizing refunds do not specifically empower the Commissioner to reaudit a return whenever repayment is claimed, authority therefor is necessarily implied. An overpayment must appear before a refund is authorized. Although the statute of limitations may have barred the assessment and collection of any additional sum, it does not obliterate the right of the United States to retain payments already received when they do not exceed the amount which *might have been properly assessed and demanded* [within the limitations period].

*Id.* at 283, 52 S.Ct. at 146 (quoting, in part, *Lewis v. Reynolds,* 48 F.2d 515, 516 (10th Cir.1931)) (emphasis added). *See also*

*Patterson v. Belcher,* 302 F.2d 289, 295 (5th Cir.)[5] (following *Lewis ;* after statute of limitations runs, IRS is "entitled to set off any monies still owing to the Government against the amounts claimed for refund"), *amended on other grounds,* 305 F.2d 557 (5th Cir.), *cert. denied,* 371 U.S. 921, 83 S.Ct. 289, 9 L.Ed.2d 230 (1962).[6]

### B.

In *Lewis,* the government's setoff claim flowed from a reassessment of underlying tax liability—i.e. denial of previously-allowed deductions, and consequent recalculation of the taxpayer's adjusted gross income. Allen contends that when, as here, the setoff derives from *additions* to tax such as delinquency and negligence penalties, the rule of *Lewis* does not apply. This contention, however, is contrary to the former Revenue Code's clear prescription that "penalties ... shall be assessed, collected, and

---

[5]Decisions of the former Fifth Circuit rendered prior to October 1, 1981, are binding in the Eleventh Circuit. *See Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

[6]*Accord Dysart v. United States,* 340 F.2d 624, 627-30 (Ct.Cl.1965) (even outside limitations period, a refund suit opens the taxpayer's entire tax liability up for redetermination, for only "if the overall balance moves his way can he recover"); *Estate of Bender v. Commissioner,* 827 F.2d 884, 887-89 (3rd Cir.1987) (following *Dysart* ); *Cuba R.R. v. United States,* 254 F.2d 280, 281-82 (2d Cir.) (Learned Hand, J.) (even after statute of limitations runs, "when the taxpayer seeks a refund for a credit mistakenly denied, he must be content to allow his tax for the same year to be corrected because of errors through which he has profited"), *cert. denied,* 358 U.S. 840, 79 S.Ct. 64, 3 L.Ed.2d 75 (1958); *United States v. Pfister,* 205 F.2d 538, 541-42 (8th Cir.1953) (outside limitations period, "[t]he validity of any deduction claimed by the taxpayer in his income tax return is [still] in issue in his action to recover alleged overpayments of income tax"); *Arthur C. Harvey Co. v. Malley,* 60 F.2d 97, 101 (1st Cir.1932) (following *Lewis* ), *aff'd on other grounds,* 288 U.S. 415, 53 S.Ct. 426, 77 L.Ed. 866 (1933).

paid in the same manner as taxes ... [and that any] reference ... to "tax' imposed ... shall be deemed also to refer to ... penalties." *See* former 26 U.S.C. § 6659(a). Furthermore, in *Loftin & Woodard, Inc. v. United States,* 577 F.2d 1206, 1245-47 (5th Cir.1978), our predecessor court applied *Lewis* to permit the government to offset a refund claim (made after the running of the statute of limitations on further tax liability) with an increased delinquency penalty.[7] The fact that, in the instant case, the government has asserted a different penalty rather than a larger amount of the same penalty as setoff does not materially distinguish this case from *Loftin & Woodard—Lewis* sweeps broadly to permit redetermination of the entire tax liability by retaining *any* tax payment "which might have been properly assessed and demanded." *Lewis,* 284 U.S. at 283, 52 S.Ct. at 146.[8]

## C.

"The refund claim is ... not a[n] everything-to-gain-nothing-to-lose matter." John C. Chommie, *Federal Income Taxation* 905 (2nd ed. 1973). The district court correctly determined that, under *Lewis* and *Loftin & Woodard,* the IRS could properly impose delinquency and negligence penalties as

---

[7]*See also Acker v. United States,* 519 F.Supp. 178, 183-84 (N.D.Ohio 1981) (after running of statute of limitations, fraud penalty could be imposed and set off against refunded delinquency and negligence penalties); Rev.Rul. 56-492, 1956-2 C.B. 949 (applying *Lewis* to "interest and penalties for the taxable year barred by the statute [of limitations]").

[8]Furthermore, it is logically inconsistent for Allen to argue that penalties are "tax" under former 26 U.S.C. § 6501(a), so that their collection is barred by the three-year statute of limitations, yet at the same time are not "tax" for *Lewis* purposes in determining whether there has been a net overpayment of "tax" by the taxpayer.

an offset to the fraud penalty refund irrespective of whether the statute of limitations had run.  Accordingly, we AFFIRM the grant of summary judgment in favor of the government.