Gisele C. **FISHER**, Plaintiff–Appellee,

v.

The **UNITED STATES**, Defendant–Appellant.

No. 95–5118.

United States Court of Appeals, Federal Circuit.

April 10, 1996.

Paul W. Oden, Miller, Nash, Wiener, Hager & Carlsen, Seattle, Washington, argued for plaintiff-appellee.

Joan I. Oppenheimer, Attorney, Department of Justice, Washington, D.C., argued for defendant-appellant. With her on the brief were Loretta C. Argrett, Assistant Attorney General, Gary R. Allen and Jonathan S. Cohen, Attorneys.

Before LOURIE, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and BRYSON, Circuit Judge.

FRIEDMAN, Senior Circuit Judge.

In *Lewis v. Reynolds*, 284 U.S. 281, 52 S.Ct. 145, 76 L.Ed. 293, *modified on other grounds*, 284 U.S. 599, 52 S.Ct. 264, 76 L.Ed. 514 (1932), the Supreme Court held that in a tax refund suit, the Internal Revenue Service (IRS) may offset against the refund other taxes that had previously not been assessed, and the assessment of which the statute of limitations barred. The question in this case, here on appeal from the United States Court of Federal Claims, is whether the same principle permits the offset against a tax refund of previously unassessed interest on an underpayment of tax, the assessment of which the statute of limitations similarly barred. The Court of Federal Claims held that the interest could not be offset. We reverse.

I.

In 1987 the appellee Fisher, as representative of an estate, filed an estate tax return and paid the tax. In 1990 the IRS sent Fisher a notice of deficiency of $1,726,477, based upon three items: (1) the increase in the value of the stock in a closely-held corporation that the estate owned; (2) the treatment of the decedent's transfer of almost $100,000 to his adult son as a taxable gift; and (3) the reduction of the marital deduction to reflect administration expenses paid from estate income. The increase in the stock valuation was responsible for most of the deficiency.

The notice did not include interest on the deficiency.

Fisher paid the deficiency and, after the IRS disallowed her refund claim in April 1991, filed the present suit in the Court of Federal Claims for a refund of the $1,726,-477. The statute of limitations for the as-

sessment of tax and interest thereon expired on March 4, 1991. The IRS never assessed the alleged deficiency (or interest thereon).

In its first amended answer, the government asserted:

12. During the time period when the tax in dispute was unpaid (October 6, 1987, through November 20, 1990), interest in the amount of approximately $701,964 was due the government, but was inadvertently not assessed by the government. Plaintiff has not paid such interest which is due to defendant.

13. Plaintiff owes defendant approximately $701,964 in interest, and such amount should be offset against any recovery to which plaintiff might otherwise be entitled. (The interest offset might actually lower the amount of estate tax due. The impact of the interest offset on any final judgment in plaintiff's favor can thus be determined only after all other issues in this case have been decided.)

On the plaintiff's motion for summary judgment and the government's cross-motion for summary judgment, the court denied the plaintiff's motion (involving an issue not here relevant) and granted the government's motion. The court held that the IRS properly had imposed additional taxes to reflect treatment of the decedent's payment to his son as a taxable gift and the reduction of the marital deduction.

Fisher then moved to strike the government's first amended answer, on the ground that the "defendant does not have a reasonable basis to assert an offset of interest allegedly due, but not assessed, on the underlying tax item which is the subject of this tax refund case." *Fisher v. United States,* 31 Fed. Cl. 396, 396–97 (1994). The Court of Federal Claims denied the motion to strike. It stated:

As noted in the seminal Supreme Court case, *Lewis v. Reynolds,* "the ultimate question presented for decision, upon a claim for refund, is whether the taxpayer has overpaid his tax." 284 U.S. at 283, 52 S.Ct. at 146. If the amount of interest on that payment had been assessed, and plaintiff had paid that amount along with her payment of the underlying tax, then

her suit here would be for refund not just of the tax, but of the interest she was required to pay on that tax. It is illogical to hold that plaintiff must pay interest on an amount that the IRS should never have assessed. If plaintiff wins her claim for a refund on the merits, defendant is in the untenable position of producing a "reasonable basis" for asserting that the government is owed interest on an "erroneous assessment."

Nonetheless, the instant case presents a narrow situation in which defendant might be able to assert a reasonable basis for the interest item. The case at hand involves a dispute over stock valuation. Therefore, at trial there is the possibility that this court could find that *neither* party properly valued the stock, and that some intermediate valuation is correct. In such a situation, part of the assessment by the government would be correct, and interest that would have accrued on such portion might reasonably be offset against that portion that is due to plaintiff in refund.... Therefore, defendant has posited a reasonable basis for the offset. This issue, however, is only amenable to resolution after this court has rendered a decision on the merits after trial.

*Id.* at 398.

After trial, the court upheld the stock valuation Fisher reported in the estate tax return, and entered judgment for Fisher for the deficiency she had paid, $1,726,477.

The government filed a motion to correct the judgment by reducing it to reflect the two issues on which it previously had prevailed and an offset of $55,600 covering interest on those two items from 1987 to 1990. It requested the court to issue a corrected judgment for the plaintiff for $1,534,128. In her response, Fisher agreed that the judgment should be reduced to reflect the two items on which the government had prevailed, but denied that the government was entitled to offset the interest on those items. She therefore consented to entry of a corrected judgment of $1,589,728.

The court corrected the judgment as Fisher proposed, but held that

Defendant is not entitled to an interest offset. In its June 2, 1994, Opinion, the court indicated that defendant could be entitled to an interest offset if plaintiff improperly valued the stock. *Fisher v. United States*, 31 Fed. Cl. 396, 398 (1994). The court, however, found in favor of plaintiff's stock valuation. Further, in *Dysart v. United States*, 169 Ct.Cl. 276, 282–83, 340 F.2d 624 (1965), the court indicated that a taxpayer should not reap a benefit when no refund is due. In this case, however, plaintiff paid the underlying tax and defendant has held the funds. *Fisher*, 31 Fed. Cl. at 397. Therefore, plaintiff is not reaping a benefit; plaintiff is due a refund.

The government's appeal challenges only the denial of the offset.

## II.

A. *Lewis* was an income tax refund suit in which, in response to the claim, the Commissioner of Internal Revenue determined that a deduction taken on the return, which he previously had allowed, had been improperly taken. He redetermined the tax to eliminate the deduction. The limitations period for assessing an additional tax to reflect the disallowance of the deduction had expired when the Commissioner acted. The Supreme Court affirmed the Commissioner's action, stating:

> While the statutes authorizing refunds do not specifically empower the Commissioner to reaudit a return whenever repayment is claimed, authority therefor is necessarily implied. An overpayment must appear before refund is authorized. Although the statute of limitations may have barred the assessment and collection of any additional sum, it does not obliterate the right of the United States to retain payments already received when they do not exceed the amount which might have been properly assessed and demanded.

284 U.S. at 283, 52 S.Ct. at 146.

In *Dysart v. United States*, 169 Ct.Cl. 276, 340 F.2d 624 (1965), the Court of Claims, whose decisions bind us, *see South Corp. v. United States*, 690 F.2d 1368, 1370 (Fed.Cir. 1982), applied *Lewis* to permit a comparable offset in a slightly different situation. There the taxpayer sought a refund of an improperly paid penalty for underestimation of income for the year involved. *Dysart*, 340 F.2d at 626–27. The government sought to offset an alleged tax deficiency for the same year, the time for assessing which had expired. *Id.* at 627. The court denied the taxpayer's motion to strike the offset. It stated:

> In a refund action, the taxpayer cannot recover unless he has overpaid his tax. It is not enough that he can prevail on the particular items on which he sues, for he may have underpaid with respect to other components entering into that tax. Only if the overall balance moves his way can he recover. His entire tax liability under the particular tax return is therefore open for redetermination. The setoff is one mechanism by which the government alleges that, looking at the particular tax as a whole, the taxpayer has not in fact overpaid his tax.

*Id.* at 628.

The court referred to "the essential principle that a taxpayer suing for a refund of a tax for a particular year must show that, in actuality, he overpaid that tax." *Id.* at 629–30. The court also ruled that "the [government's] right to raise a setoff is not subject to equitable considerations as taxpayers contend." *Id.* at 627.

*Lewis* and *Dysart* together stand for the proposition that the government may offset against a tax refund claim any additional amounts the taxpayer owes with respect to the tax shown on the return, even though the statute of limitations would bar assessing the additional amount owed. *See also Patterson v. Belcher*, 302 F.2d 289, 295 (5th Cir.), *amended on other grounds*, 305 F.2d 557 (5th Cir.), *cert. denied*, 371 U.S. 921, 83 S.Ct. 289, 9 L.Ed.2d 230 (1962) ("The taxpayer is not entitled to a refund for the years in which he claims such refunds are due if he still owes taxes for the years involved. The Director is entitled to set off any monies still owing to the Government against the amounts claimed for refund.") (citing *Lewis* ).

B. The present case differs from *Lewis* and *Dysart* in three respects, none of which warrants a different result.

1. In both of those cases the effect of the offset was to wipe out the refund claim. In the present case, however, the offset would merely reduce, but not eliminate, the refund.

The fact that the offset exceeded the refund claim, however, was not the basis of the decisions in those two cases permitting an offset. The rationale was, in the language of *Lewis,* which the court in *Dysart* quoted, 340 F.2d at 629, that "[a]n overpayment must appear before refund is authorized," 284 U.S. at 283, 52 S.Ct. at 146, and that in determining whether there has been an overpayment, the Commissioner may "reaudit a return whenever repayment is claimed." *Id.* In the language of *Dysart,* "[i]n a refund action . . . [the taxpayer's] entire tax liability under the particular tax return is therefore open for redetermination." 340 F.2d at 628.

In a refund suit the question of overpayment involves two elements: (1) has there been an overpayment and (2) if so, how much. An offset may affect both elements. If the amount of the offset exceeds the claimed refund, then there has not been an overpayment. If it is less than the refund, there has been an overpayment, but in a lesser amount than the taxpayer claims. In either situation, however, the IRS may offset the taxpayer's additional tax liability in determining the taxpayer's right to a refund.

The cases that have permitted offsets in refund cases (where the statute of limitations would have barred assessing the additional liability) have not distinguished between total and partial offsets. Thus, in *Allen v. United States,* 51 F.3d 1012 (11th Cir.1995) the court, without discussing the point, upheld an offset of $1,800 against a $6,600 refund claim. *Id.* at 1013; *see also Trust Servs. of Am., Inc. v. United States,* 885 F.2d 561, 569 (9th Cir.1989) (directing the district court to offset additional tax due as a result of the disallowance of a $375,000 deduction against a $849,581 refund); *Hadley Furniture Co. v. United States,* 87 F.Supp. 590, 595–96 (D.Mass.1949) (granting taxpayer's refund request, reduced by the amount of the offset claimed by the government).

2. In both *Lewis* and *Dysart,* the offset was for an additional amount of tax that the taxpayer owed. In the present case, it was for interest on taxes that the taxpayer owed. We see no convincing reason why, for purposes of offset, interest should be treated any differently than other components of tax liability.

The Internal Revenue Code treats interest on a tax liability as an integral part of the liability itself. Thus, 26 U.S.C. 6601(e) (1994), provides that interest on tax underpayments "shall be assessed, collected, and paid in the same manner as taxes" and that any reference "to any tax imposed by this title shall be deemed also to refer to interest imposed by this section on such tax." *Id.* The statute of limitations on assessment and collection of the underlying tax also covers interest on the tax. 26 U.S.C. § 6601(g) (1994) states that "[i]nterest prescribed under this section on any tax may be assessed and collected at any time during the period within which the tax to which such interest relates may be collected." As the Court of Claims stated in *Alexander Proudfoot Co. v. United States,* 197 Ct.Cl. 219, 454 F.2d 1379 (1972):

> The Code's design for such interest is to assimilate it to the tax itself. . . . For a long time, deficiency interest has been so closely braided to principal that it has been deemed an integral part of the tax.

*Id.* 454 F.2d at 1382. *See also Gannet v. United States,* 877 F.2d 965, 967 (Fed.Cir. 1989) ("Section 6601(e)(1) . . . treats accrued interest as part of the unpaid tax. . . ."); *United States v. Ledlin (In re Mark Anthony Constr., Inc.),* 886 F.2d 1101, 1107 (9th Cir.1989) (in holding that in bankruptcy postpetition, interest should be treated the same as the underlying tax liability, the court cited § 6601(e)(1) and reasoned that "a rule which treats interest in the same manner as the underlying tax is consistent with the general treatment of taxes and interest . . . in the tax laws").

Although we have found no reported case adjudicating the right to offset interest, the courts have recognized the IRS's right to offset a taxpayer's liability based upon some-

thing other than the tax for which a refund was sought. Thus, in *Loftin & Woodard, Inc. v. United States*, 577 F.2d 1206 (5th Cir.1978), the court upheld the offset of a penalty for late filing against a refund of a loss carryback. *Id.* at 1245–47. *Dysart* itself involved the converse situation: it upheld an offset against a penalty refund of an additional tax liability. 340 F.2d at 627. *Missouri Pacific Railroad Co. v. United States*, 168 Ct.Cl. 86, 338 F.2d 668 (1964), involved the offset against an excess profits tax refund of an alleged underpayment of income tax. *Id.* 338 F.2d at 669. In *Allen*, the court, in upholding an offset against a fraud penalty refund of new negligence and delinquency penalties for the same taxable year, *see* 51 F.3d at 1013, rejected the taxpayer's contention that "when, as here, the setoff derives from *additions* to tax such as delinquency and negligence penalties, the rule of *Lewis* does not apply," *id.* at 1015, and stated that "*Lewis* sweeps broadly to permit redetermination of the entire tax liability by retaining *any* tax payment 'which might have been properly assessed and demanded.'" *Id.* at 1015.

■ These cases also answer Fisher's contention that only like items may be offset, i.e., a tax against a tax, a penalty against a penalty and, by the same reasoning, interest against interest. Although a number of cases have permitted the offset of a penalty against a penalty, *see, e.g., id.; Acker v. United States*, 519 F.Supp. 178, 183–84 (N.D.Ohio 1981), none of them indicated that only such a like item could be offset or that the identity of the refund and offset items was the reason for permitting the offset.

■ Fisher further argues that "the Government has not demonstrated sufficient equities in this case to justify the extension of the equitable setoff defense to include unassessed statutory interest." As noted, however, *Dysart* held that "the right to raise a setoff is not subject to equitable considerations." 340 F.2d at 627. Indeed, at the beginning of the opinion *Dysart* stated that

"[t]he sole issue presented by" the motion to strike "is whether in a suit for refund where both the taxpayers' claim and the government's setoff concern the same tax for the same year by the same taxpayers, the right of the government to assert such a defense is an unconditional right (as the government contends), or whether, as taxpayers contend, such a right is subject to the court's discretion after evaluating the 'equities' involved in each particular case." *Id.* 340 F.2d at 626 (footnote omitted). The IRS's right to assert its setoff covering interest cannot be defeated by reference to the alleged "equities" of the taxpayer's case.

■ 3. The present case involves federal estate taxes, whereas *Lewis* and *Dysart* involved income taxes. Fisher does not contend that this fact supports a different treatment of the IRS's right to offset, and we know of no basis upon which that distinction validly could be drawn. The rationale for permitting the offset is that in a refund suit the taxpayer's "entire tax liability under the particular tax return is ... open for redetermination." *Dysart*, 340 F.2d at 628. In redetermining that liability, the issue is the existence and amount of overpayment, not the particular tax involved.

## CONCLUSION

The judgment of the Court of Federal Claims is vacated and the case is remanded to that court to enter a new judgment awarding the plaintiff $1,534,128 (plus statutory interest), to reflect the $55,600 that we have held the IRS was entitled to offset against the plaintiff's refund.

*VACATED AND REMANDED.*