George M. BROWN, Plaintiff,

v.

UNITED STATES, Defendant.

No. 94–257T.

United States Court of Federal Claims.

Feb. 26, 1999.

George M. Brown, Dallas, Texas, pro se plaintiff.

Robert N. Dorosin and David Gustafson, with whom were Mildred L. Seidman, Chief, Court of Federal Claims Section, and Loretta C. Argrett, Assistant Attorney General, Tax Division, United States Department of Justice, Washington, D.C., attorneys of record for defendant.

## OPINION

HORN, Judge.

Initially the plaintiff, George Brown, filed his complaint before this court seeking a refund of federal taxes paid for the 1990 tax year. Plaintiff's complaint sought a recovery of $29,303.39, plus statutory interest. Count I of the complaint alleged that plaintiff overpaid his regular income tax, penalties, and assessed interest for the 1990 tax year. Counts II and III of plaintiff's complaint sought monetary damages for alleged violations of plaintiff's rights as a result of negligent and wrongful actions of Internal Revenue Service (IRS) personnel. The court previously dismissed Counts II and III of the complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC). Specifically, the court ruled that Counts II and III of the complaint should be dismissed because they

raised tort and due process claims. *See Brown v. United States*, 36 Fed.Cl. 290 (1996). In a status report filed with the court, the parties indicated that they were pursuing settlement of Count I, the remaining Count at issue. According to a status report filed by the defendant, plaintiff and defendant did agree that plaintiff's revised total federal income tax liability for 1990 is $25,268.00. Plaintiff's 1990 corrected tax liability of $25,268.00, is comprised of regular income tax of $23,051.00 and Alternative Minimum Tax (AMT) of $2,217.00.[1] Settlement negotiations continued for some time on the penalty, interest and fee issues remaining in the case, but, ultimately, failed to resolve the remainder of the case.

The defendant, therefore, filed a motion for summary judgment on Count I of the plaintiff's complaint pursuant to RCFC 56. The defendant argues that the plaintiff is liable for the late-payment penalty, the estimated tax penalty, interest, and assessed fees for the tax year 1990. In response, the plaintiff moved to strike the documents submitted by the defendant in support of its motion for summary judgment. The plaintiff argues that such material is irrelevant, and that revealing his tax return and other supporting documents violates his right of privacy.

The underlying facts regarding plaintiff's tax history are fully detailed in the court's opinion on the defendant's successful motion to dismiss Count II and III. *See Brown v. United States*, 36 Fed.Cl. at 292–95. These facts are equally pertinent to the defendant's instant motion for summary judgment for Count I of the complaint, and need not be repeated here. For the reasons discussed more fully below, defendant's motion for summary judgment on Count I is **GRANTED**.

## DISCUSSION

In its current motion for summary judgment, the defendant argues that the plaintiff is liable for the late-payment penalty, the estimated tax penalty, the interest, and assessed fees for the 1990 tax year. Summary judgment in this court should be granted only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. RCFC 56 is patterned on Rule 56 of the Federal Rules of Civil Procedure (Fed.R.Civ.P.) and is similar both in language and effect.[2] Both rules provide that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

RCFC 56(c) provides that in order for a motion for summary judgment to be granted, the moving party bears the burden of demonstrating that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Creppel v. United States*, 41 F.3d 627, 630–31 (Fed.Cir.1994); *Meyers v. Asics Corp.*, 974 F.2d 1304, 1306 (Fed.Cir.1992); *Lima Surgical Assocs., Inc. Voluntary Employees' Beneficiary Ass'n Plan Trust v. United States*, 20 Cl.Ct. 674, 679 (1990), *aff'd*, 944 F.2d 885 (Fed.Cir.1991); *Rust Communications Group, Inc. v. United States*, 20 Cl.Ct. 392, 394 (1990). Disputes over facts which are not outcome determinative under the governing law will not preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment, however, will not be granted if "the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury

---

1. The AMT was an attempt by Congress to address the matter of taxpayers avoiding taxes on a substantial portion of their incomes through various deductions. The AMT applies a smaller tax rate against a larger tax base (i.e., a tax base without certain deductions). *See* 26 U.S.C. § 55 (1988).

2. In general, the rules of this court are patterned on the Federal Rules of Civil Procedure. Therefore, precedent under the Federal Rules of Civil Procedure is relevant to interpreting the rules of this court, including RCFC 56. *See Jay v. Sec'y DHHS*, 998 F.2d 979, 982 (Fed.Cir.1993); *Imperial Van Lines Int'l, Inc. v. United States*, 821 F.2d 634, 637 (Fed.Cir.1987); *Lichtefeld–Massaro, Inc. v. United States*, 17 Cl.Ct. 67, 70 (1989).

[trier of fact] could return a verdict for the nonmoving party." *Id.; see also Uniq Computer Corp. v. United States,* 20 Cl.Ct. 222, 228–29 (1990).

When reaching a summary judgment determination, the judge's function is not to weigh the evidence, but to determine whether there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 249, 106 S.Ct. 2505; *see, e.g., Cloutier v. United States,* 19 Cl.Ct. 326, 328 (1990), *aff'd,* 937 F.2d 622 (Fed.Cir.1991). The judge must determine whether the evidence presents a disagreement sufficient to require submission to fact finding, or whether the issues presented are so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 250–52, 106 S.Ct. 2505. When the record could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial, and the motion must be granted. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). If the nonmoving party cannot present evidence to support its case under any scenario, there is no need for the parties to undertake the time and expense of a trial, and the moving party should prevail without further proceedings.

If, however, the nonmoving party produces sufficient evidence to raise a question as to the outcome of the case, then the motion for summary judgment should be denied. Any doubt over factual issues must be resolved in favor of the party opposing summary judgment, to whom the benefit of all presumptions and inferences runs. *Id.; see also Litton Indus. Prods., Inc. v. Solid State Sys. Corp.,* 755 F.2d 158, 163 (Fed.Cir.1985); *H.F. Allen Orchards v. United States,* 749 F.2d 1571, 1574 (Fed.Cir.1984), *cert. denied,* 474 U.S. 818, 106 S.Ct. 64, 88 L.Ed.2d 52 (1985).

The initial burden on the party moving for summary judgment, to produce evidence showing the absence of a genuine issue of material fact, may be discharged if the moving party can demonstrate that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also Lima Surgical Assocs.,*

*Inc. Voluntary Employees' Beneficiary Ass'n Plan Trust v. United States,* 20 Cl.Ct. at 679. If the moving party makes such a showing, the burden then shifts to the nonmoving party to demonstrate that a genuine factual dispute exists by presenting evidence which establishes the existence of an element of its case upon which it bears the burden of proof. *Celotex Corp. v. Catrett,* 477 U.S. at 322, 106 S.Ct. 2548; *Lima Surgical Assocs., Inc. Voluntary Employees' Beneficiary Ass'n Plan Trust v. United States,* 20 Cl.Ct. at 679.

Pursuant to RCFC 56, a motion for summary judgment may succeed whether or not accompanied by affidavits and/or other documentary evidence in addition to the pleadings already on file. *Celotex Corp. v. Catrett,* 477 U.S. at 324, 106 S.Ct. 2548. Generally, however, in order to prevail by demonstrating that a genuine issue for trial exists, the nonmoving party will need to go beyond the pleadings by use of evidence such as affidavits, depositions, answers to interrogatories and admissions. *Id.*

In the above captioned-case there is no genuine issue as to any material fact. Both parties are in agreement on the date of filing of the tax return and on the dates of payment of taxes by the plaintiff. The parties disagree on the plaintiff's legal liability for the late-payment penalty, the estimated tax penalty, the interest, and the assessed fees for the tax year 1990.

The plaintiff's response to defendant's motion for summary judgment primarily addresses his request to strike all exhibits submitted by the defendant in support of its motion on the grounds that the material is irrelevant and that the filing of the exhibits violates his right to privacy. Plaintiff urges the court to strike from the record his 1990 tax return and all the supporting documents defendant submitted in the appendix to its motion for summary judgment, including the documents relating to the 1990 monthly payments from the Flossie Northcutt Wheeler Trust (Wheeler Trust), which appears from the record to be a major source of plaintiff's income. In addition, the plaintiff addresses a number of unrelated and hypothetical examples of what plaintiff alleges are unfair exam-

ples of tax statutes and actions by tax authorities.

The defendant argues that 26 U.S.C. § 6103 (1988) authorizes the United States Department of Justice and the federal courts to reexamine the tax return filed by a taxpayer once a suit is filed in court. Defendant contends that in order to determine the plaintiff's liability for tax penalties, his tax return and other relevant information are essential to determine whether to assess penalties and to determine the amount of any appropriate penalty. The court agrees with the defendant that the material is relevant and that the filing and use of the supporting documentation does not violate the defendant's right to privacy.

■ It is correct that 26 U.S.C. § 6103 makes tax returns and related information confidential from the public at large. The statute, however, explicitly allows disclosure of tax "returns" and "return information" to the United States Department of Justice and to the federal courts. More specifically, the statute states:

**(2) Department of Justice**

In a manner involving tax administration, a return or return information shall be open to inspection by or disclosure to officers and employees of the Department of Justice (including United States attorneys) personally and directly engaged in, and solely for their use in, any proceeding before a Federal grand jury or preparation for any proceeding (or investigation which may result in such a proceeding) before a Federal grand jury or any Federal or State court, but only if—

(A) the taxpayer is or may be a party to the proceeding, or the proceeding arose out of, or in connection with, determining the taxpayer's civil or criminal liability, or the collection of such civil liability in respect of any tax imposed under this title;

\* \* \* \* \* \*

**(4) Disclosure in judicial and administrative tax proceedings**

A return or return information may be disclosed in a Federal or State judicial or administrative proceeding pertaining to tax administration, but only [if]—

(A) the taxpayer is a party to the proceeding, or the proceeding arose out of, or in connection with, determining the taxpayer's civil or criminal liability. . . .

26 U.S.C. § 6103(h)(2)(A) and (4)(A).

The statute defines a "return" as:

any tax or information return, declaration of estimated tax, or claim for refund required by, or provided for or permitted under, the provisions of this title which is filed with the Secretary by, on behalf of, or with respect to any person, and any amendment or supplement thereto, including supporting schedules, attachments, or lists which are supplemental to, or part of, the return so filed.

26 U.S.C. § 6103(b)(1). Furthermore, the statute defines "return information" to include "a taxpayer's identity, the nature, source, or amount of his income, [or] payments. . . ." 26 U.S.C. § 6103(b)(2)(A).

The trust documents at issue in the instant case reflect the nature, source, and amount of plaintiff's income for the year 1990. Therefore, the information included in defendant's appendix, including the trust documents relating to the monthly payments by the Wheeler Trust, fits within the statutory definitions. The plaintiff's argument that his right to privacy is being violated by inclusion of the documents submitted to the court in defendant's appendix is not persuasive. Disclosure of plaintiff's tax return and the other information submitted by the defendant is necessary in order to properly evaluate the allegations plaintiff chose to raise in this court. In accordance with the plain meaning of the statute, the documents were properly utilized by the defendant and appropriately made available in the court proceeding. The plaintiff's motion to strike is, therefore, **DENIED.**

The defendant seeks summary judgment on its decision to impose a number of related tax penalties on the plaintiff. These penalties include: a late-payment penalty, an estimated tax penalty, interest, and assessed fees for the tax year 1990. Each penalty is contested by the plaintiff.

The late-payment penalty is codified in 26 U.S.C. § 6651(a)(2) (1988). The statute allows a penalty, in addition to the taxpayer's tax liability, for the failure to pay one's taxes on time. The penalty for late payment is 0.5 percent of the amount of the tax due, if the payment is under one month late, with an additional 0.5 percent for the delay of each additional month, or fraction thereof. The statute also notes that the penalty amount may not exceed 25 percent of the total tax in the aggregate. *See id.* Payment of plaintiff's taxes for the year 1990 was due on April 15, 1991. The plaintiff did not pay his taxes by that date. In fact, plaintiff did not make any of the required tax payments until June 3, 1991, and did not complete payment of his full tax liability until February 13, 1992.

The statute provides for an exception to the late-payment penalty. *See* 26 U.S.C. § 6651. If the taxpayer is able to show that failure to pay was due to "reasonable cause and not due to willful neglect," the statute explicitly states that the taxpayer will not be subject to the late-payment penalty. 26 U.S.C. § 6651(a)(2). Plaintiff, however, has not demonstrated that his late payment was due to reasonable cause or willful neglect. IRS regulations state that in order to demonstrate "reasonable cause," the taxpayer must make an affirmative showing that he "exercised ordinary business care and prudence in providing for payment of his tax liability and was nevertheless either unable to pay the tax or would suffer an undue hardship. . . ." 26 C.F.R § 301.6651–1(c)(1) (1990). In *United States v. Boyle*, 469 U.S. 241, 245, 105 S.Ct. 687, 83 L.Ed.2d 622 (1985), the United States Supreme Court stated that a taxpayer "bears the heavy burden of proving" reasonable cause. The IRS regulations at 26 C.F.R. § 301.6651–1(c)(1) require that, to avoid the late-payment penalty, a taxpayer "must make an affirmative showing of all facts alleged as

a reasonable cause for his failure to file such return or pay such tax on time in the form of a written statement containing a declaration that it is made under penalties of perjury." Plaintiff never submitted such a written statement.[3] In the instant case, the record does not support the conclusion that plaintiff's non-payment was due to any reasonable cause. Since the plaintiff was late in paying his tax and has not demonstrated reasonable cause for such failure to pay on time, summary judgment as to the late-payment penalty is granted in favor of the defendant. The plaintiff is liable in the amount of $1,190.90 for the late-payment penalty.

Defendant argues that the plaintiff is also liable for a penalty for underpayment of estimated income tax. *See* 26 U.S.C. § 6654 (1988). The statute requires that the taxpayer pay either one hundred percent of the tax paid the previous year, or ninety percent of the tax due for the current year, in this case 1990. *See* 26 U.S.C. § 6654(d)(1)(B). The payments for the tax year 1990 should have been made in four installments. *See* 26 U.S.C. § 6654(c)(1). The plaintiff did not pay any of his taxes through wage withholding, because his income came from a trust account and other royalties.

The statute provides exceptions to the estimated tax penalty, none of which apply to the plaintiff. *See* 26 U.S.C. § 6654(e). Section 6654(e)(1) states that, "[n]o addition to tax shall be imposed . . . for any taxable year if the tax shown on the return for such taxable year (or, if no return is filed, the tax), . . . is less that $500." This exception does not apply to the plaintiff, because his tax liability for the tax year 1989 was $23,832.00 and for the year 1990 was $25,268.00. Moreover, Section 6654(e)(2) provides that the penalty will not be enforced if in the preceding year

---

3. Moreover, it does not appear likely that he would have been able to demonstrate reasonable cause. The record reflects that the plaintiff's main source of income was monthly cash payments to him from the Wheeler Trust. The IRS regulations at 26 C.F.R. § 301.6651–1(c) provide guidance as to what is considered ordinary business care and prudence. A taxpayer is considered to have used ordinary business care if the taxpayer made reasonable efforts to conserve sufficient assets, in marketable form, to satisfy the

tax liability. The regulation provides the example that living beyond one's means would be an example of not using ordinary care. *See id.* The record reflects that the plaintiff received monthly payments throughout 1990 of $5,857.84 and a cash payment in February 1991 of $20,502.00, two months before his tax return was due. Given the amounts of these payments and the level of his tax liability, this raises questions as to whether the plaintiff could demonstrate that his failure to pay was due to reasonable cause.

the taxpayer had no tax liability. As indicated above, however, the plaintiff did have a tax liability for the preceding year.

Plaintiff, in his second amended return filed with the IRS for 1990, also attempted to rely on the exception provided in 26 U.S.C. § 6654(e)(3)(A). This section provides an exception for the estimated tax penalty when the "Secretary [of the Treasury] determines that by reason of casualty, disaster, or other unusual circumstances the imposition of such addition to tax would be against equity and good conscience." *Id.* The plaintiff, however, does not offer any proof of facts that would support a finding of "casualty, disaster, or other unusual circumstances," or that "the addition to tax would be against equity or good conscience." Therefore, plaintiff is unable to rely on this exception.

■ The plaintiff further challenges the estimated tax penalty on the grounds of timeliness. Under 26 U.S.C. § 6501(a) (1988), any tax assessment can be made up to three years after a tax return has been filed. Plaintiff filed his return on April 15, 1991, therefore, the three year time period remained open until April 15, 1994. It also should be noted that a tax assessment includes the potential, in appropriate cases, for the assessment of penalties and interest. *See* 26 U.S.C. § 6671(a) (1988); 26 U.S.C. § 6601(e)(1) (1988). Originally, the IRS assessed an estimated tax penalty of $960.04 on May 27, 1991. A subsequent recomputation, however, was made on April 24, 1996, in the amount of $1,664.00. Plaintiff argues that, since this assessment was made after the three year limit, it cannot be enforced. This argument is not persuasive. In *Fisher v. United States*, 80 F.3d 1576 (Fed.Cir.1996), the court held that in a tax refund suit the IRS is allowed to offset against a tax refund previously unassessed interest on an underpayment of tax, the assessment of which applicable time limits would have barred. The *Fisher* court reasoned that *Lewis v. Reynolds*, 284 U.S. 281, 52 S.Ct. 145, 76 L.Ed. 293 (1932) and · *Dysart v. United States*, 169 Ct.Cl. 276, 340 F.2d 624 (1965), "stand for the proposition that the government may offset against a tax refund claim any additional amounts the taxpayer owes

with respect to the tax shown on the return, even though the statute of limitations would bar assessing the additional amount owed." *Fisher v. United States*, 80 F.3d at 1579 (citations omitted). In *Fisher*, the court stated: "In a refund action ... [the taxpayer's] entire tax liability under the particular tax return is therefore open for redetermination." *Fisher v. United States*, 80 F.3d at 1580 (quoting *Dysart*, 340 F.2d at 628) (brackets in original). Under the reasoning of these decisions, the plaintiff, in the lawsuit he brought before this court, cannot claim that the estimated tax penalty, or any of the other penalties at issue in this proceeding, are barred by the statute of limitations.

The plaintiff argues that this court should overrule *Fisher*, because it is poorly reasoned. The court, however, is bound by the decisions of the United States Court of Appeals for the Federal Circuit and the United States Supreme Court. The importance of precedent was explained in *South Corp. v. United States*, 690 F.2d 1368 (Fed.Cir.1982). In *South Corp.*, the court stated that precedent is necessary to maintain the stability of our judicial system, which is relied upon by the public and the bar. *See South Corp. v. United States*, 690 F.2d at 1371. The court further observed that the absence of precedent would "cast the court, the public, and the bar adrift on a sea of uncertainty." *Id.* at 1371.

The plaintiff failed to make any of the required estimated tax payments for 1990; plaintiff's case does not fit within any of the exceptions announced by the statute; and the estimated tax penalty assessed is not barred by the statute of limitations. Therefore, summary judgment for the defendant is granted. Plaintiff is liable for the estimated tax penalty in the amount of $1,664.00.

The defendant also seeks to collect interest on unpaid taxes and penalties for the tax year 1990. The statute at 26 U.S.C. § 6601(a) (1988) states that: "If any amount of tax imposed by this title ... is not paid on or before the last day prescribed for payment, interest on such amount at the underpayment rate ... shall be paid for the period from such last date to the date paid." Plaintiff's tax liability was due on April 15, 1991.

Final payment was not made until February 13, 1992. As mandated by the statute, an interest penalty, in the amount of $2068.11, is assessed on the plaintiff's tax liability for 1990. This penalty also includes interest imposed on the late-payment penalty as authorized by 26 U.S.C. 6601(e)(2).

Finally, defendant contends that, "[u]nder §§ 6321 and 6331 ... plaintiff also is liable for assessed fees of $106 as shown on the Service Center's certified and computer printout transcripts of plaintiff's income tax account for the suit year 1990." The two statutes in 26 U.S.C. cited by defendant address the authority to place tax liens and levies on taxpayer property, and provide that the IRS may collect the costs and expenses of instituting such actions. 26 U.S.C. §§ 6321, 6331 (1988). The IRS Service Center's certified printout lists $106.00 for "fees and costs." The plaintiff has failed to contest the issue. The court, therefore, concludes that plaintiff is liable for assessed fees in the amount of $106.00.

## CONCLUSION

After full consideration of the contentions raised by the parties, for the reasons discussed above, the court, hereby, **DENIES** plaintiff's motion to strike irrelevant material, and **GRANTS** the defendant's motion for summary judgment as to all penalties, interest and fees claimed by the United States against the plaintiff in the above-captioned case. The plaintiff is liable for the late-payment penalty, estimated tax penalty, interest, and assessed fees in the amount of $5,029.01.

**IT IS SO ORDERED.**