NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**CASSIE ELIZABETH MCKENZIE,**
*Plaintiff-Appellant,*

v.

**UNITED STATES,**
*Defendant-Appellee.*

_____

2013-5022

_____

Appeal from the United States Court of Federal Claims in No. 11-CV-0891, Judge Susan G. Braden.

_____

Decided: April 9, 2013

_____

CASSIE ELIZABETH MCKENZIE, of Danbury, Connecticut, pro se.

ERIC P. BRUSKIN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were STUART F. DELERY, Principal Deputy Assistant Attorney General, JEANNE E. DAVIDSON, Director, and HAROLD D. LESTER, Assistant Director.

_____

Before DYK, SCHALL, and PROST, *Circuit Judges.*

PER CURIAM.

Cassie Elizabeth McKenzie appeals from a judgment of the United States Court of Federal Claims ("Claims Court") dismissing her complaint for lack of jurisdiction. *See McKenzie v. United States*, No. 11-CV-0891 (Fed. Cl. Sept. 26, 2012). We *affirm*.

## BACKGROUND

McKenzie is currently incarcerated in the Federal Correctional Institution in Danbury, Connecticut. In 2011, McKenzie filed three administrative tort claims with the Federal Bureau of Prisons ("Bureau"), seeking a total of $26 million in damages. Her first claim alleged a "public nuisance," consisting of "abnormally unsanitary conditions [caused] by being exposed to facets [sic] (five) that gives [sic] off a vile odor through out [her prison housing unit]." She further alleged that the "public nuisance has created a private right [by] caus[ing] a significant harm that is [of] a continuous tortious nature." McKenzie's subsequent claims sought damages for "[r]etaliation [t]hrough [t]he [a]buse [o]f [p]rocess [d]ue [t]o [her] [p]ending [t]ort [c]laims," and "[i]ntentional [i]nfliction [o]f [e]motional [d]istress." The Bureau denied each of McKenzie's tort claims, finding that she did not state a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b). The letters denying McKenzie's claims each stated that she could seek further review by "bring[ing] an action against the United States in an appropriate United States District Court."

Instead, McKenzie brought suit in the Claims Court, asserting jurisdiction under the Tucker Act, 28 U.S.C. § 1491. The court dismissed for lack of jurisdiction, finding that it did not have jurisdiction over tort claims

and that all of McKenzie's claims sounded in tort. *McKenzie*, No. 11-CV-0891 (slip op., at 4).

McKenzie timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review the Claims Court's jurisdictional conclusion de novo. *Todd Constr., L.P. v. United States*, 656 F.3d 1306, 1310 (Fed. Cir. 2011).

The Tucker Act limits the Claims Court's jurisdiction to "cases not sounding in tort." 28 U.S.C. § 1491(a)(1); *see also Trauma Serv. Grp. v. United States*, 104 F.3d 1321, 1327 (Fed. Cir. 1997). McKenzie's claims here—public nuisance, abuse of process, and intentional infliction of emotional distress—are all textbook examples of causes of action that sound in tort. *See Prosser and Keeton on the Law of Torts* §§ 12, 90, 121 (W. Page Keeton gen. ed., 5th ed. 1984). Thus, the Claims Court correctly found that McKenzie's claims fell outside of its Tucker Act jurisdiction.

McKenzie appears to argue that 18 U.S.C. § 4042, which requires the Bureau to "provide suitable quarters [for] all persons charged with or convicted of offenses against the United States," constitutes a contract between the United States and the Bureau as to which she is a third-party beneficiary. However, a federal agency's breach of statutory duties is not itself a breach of contract. *See Scott Timber Co. v. United States*, 333 F.3d 1358, 1369 (Fed. Cir. 2003). Here, as the Bureau's letters to McKenzie correctly indicated, the remedy for a breach of the Bureau's statutory duties is a suit in federal district court under the FTCA. *See United States v. Muniz*, 374 U.S. 150, 164–65 (1963).

We therefore affirm the Claims Court's dismissal of McKenzie's complaint.

**AFFIRMED**

COSTS

No costs.