ORIGINAL

# In the United States Court of Federal Claims

No. 14-949C
(Filed May 29, 2015)
NOT FOR PUBLICATION

FILED

MAY 29 2015

U.S. COURT OF
FEDERAL CLAIMS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |
|---|---|
| **DENNIS SHIPMAN,** | \* |
| Plaintiff, | \* |
| v. | \* |
| **THE UNITED STATES,** | \* |
| Defendant. | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Pending before the Court is defendant's motion to dismiss this case for lack of subject-matter jurisdiction, brought under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC). Because plaintiff did not receive the motion when originally filed due to a clerical error, the Court extended the time for plaintiff's response. *See* Order (Jan. 23, 2015). After this deadline had passed, the Court gave plaintiff a second chance to respond, cautioning him that failure to oppose the motion would result in dismissal for failure to prosecute. Order (Mar. 9, 2015). Since this second order failed to elicit a response, dismissal under RCFC 41(b) would be warranted. But taking into consideration plaintiff's *pro se* status, the Court has taken the additional step of reviewing his complaint and the government's motion to confirm whether jurisdiction over the subject matter is lacking, and has found this to be the case.

Plaintiff Dennis Shipman was a first responder at the site of the terrorist attacks on the World Trade Center (WTC) the morning of September 11, 2001. He alleges that he "suffered a 'silent' heart attack in January 2014 as a direct consequence" of the poor health care he received from Logistics Health, Inc. (LHI), a contractor for the World Trade Center Health Program (WTCHP). Compl. at 3. The gravamen of his complaint is that LHI wrongly denied his claim for a compensable physical injury and misinformed him that no appeal of the determination was possible. Compl. at 3–4. He also disputes the qualifications, treatment, and diagnoses of LHI's physicians, and contends that an employee of the federal

agencies which administer the WTCHP spread false information about him --- resulting in his claim being rejected by the 9/11 Victim Compensation Fund. Compl. at 4–6. Two distinct causes of action are raised by Mr. Shipman: a due process violation for which he seeks $500,000 in compensatory damages; and the intentional infliction of emotional distress, for which he requests punitive damages of $1.5 million. *Id.* at 7.

Unfortunately for Mr. Shipman, the government is correct that his complaint does not concern matters within our jurisdiction under the Tucker Act, 28 U.S.C. § 1491. While a *pro se* plaintiff's filings are to be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), this lenient standard cannot save claims which are outside this court's jurisdiction from being dismissed. *See, e.g., Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). We do not have jurisdiction over claims between private parties, *see Ambase Corp. v. United States*, 61 Fed. Cl. 794, 796 (2004), which precludes us from entertaining the allegations against LHI. The plaintiff's claim that he was denied due process (or equal protection) is also barred because the constitutional provision guaranteeing due process is not money mandating. *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995).[1] The Tucker Act expressly limits our jurisdiction to "cases not sounding in tort," 28 U.S.C. § 1491(a)(1), and thus the intentional infliction of emotional distress claim is barred. *See McKenzie v. United States*, 524 F. App'x 636, 638 (Fed. Cir. 2013) (per curiam). Moreover, it is well established that this Court lacks authority to grant punitive damages. *See, e.g., Garner v. United States*, 230 Ct. Cl. 941, 943 (1982); *Vincin v. United States*, 199 Ct. Cl. 762, 765 (1972). Finally, plaintiff fails to identify any money-mandating provisions of law that would support our jurisdiction over the matters in his complaint.[2]

For the foregoing reasons, the Court **GRANTS** defendant's motion to dismiss this case for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1). The Clerk shall close the case.

**IT IS SO ORDERED.**

_____
VICTOR J. WOLSKI
Judge

---

[1] Only in the limited circumstance of an alleged illegal exaction may a due process violation come within the jurisdiction of this court. *See Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572–73 (Fed. Cir. 1996).

[2] The statutes he mentions in passing are 42 U.S.C. § 1983, which does not even apply to federal government officials; the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.; and the Administrative Procedure Act, 5 U.S.C. § 500 et seq. Compl. at 5.